OREGON LEGISLATIVE ASSEMBLY—1969 REGULAR SESSION

## Enrolled

# House Bill 1515

Sponsored by COMMITTEE ON JUDICIARY

CHAPTER.............................................

### AN ACT

Relating to governmental tort liability; amending ORS 30.265, 30.270, 30.275, 30.320 and 221.924; repealing ORS 366.430, 368.940 and 382.320; and declaring an emergency.

*Be It Enacted by the People of the State of Oregon:*

Section 1. ORS 30.265 is amended to read:

30.265. (1) Subject to the limitations of ORS 30.260 to 30.300, every public body is liable for its torts and those of its officers, employes and agents acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function.

(2) [Subsection (1) of this section does not apply to:] *Every public body is immune from liability for:*

(a) Any claim for injury to or death of any person or injury to property resulting from an act or omission of an officer, employe or agent of a public body when such officer, employe or agent is immune from liability.

(b) Any claim for injury to or death of any person covered by the Workmen's Compensation Law.

(c) Any claim in connection with the assessment and collection of taxes.

[(d) Any claim based upon an act or omission of an officer, employe or agent, exercising due care, in the execution of a valid or invalid statute, charter, ordinance, resolution or regulation.]

[(e)] *(d) Any claim based upon the performance of or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused.*

[(f)] *(e) Any claim* [against a public body as to which the public body is immune from liability or its liability is limited] *which is limited or barred* by the provisions of any other statute.

[(3) As to any claim enumerated in subsection (2) of this section, a public body shall be liable only in accordance with any other applicable statute.]

*(3) Neither a public body nor its officers, employees and agents acting within the scope of their employment or duties are liable for injury or damage:*

*(a) Arising out of riot, civil commotion or mob action or out of any act or omission in connection with the prevention of any of the foregoing.*

*(b) Because of an act done or omitted under apparent authority of a law, resolution, rule or regulation which is unconstitutional, invalid or inapplicable except to the extent that they would have been liable had the law, resolution, rule or regulation been constitutional, valid and*

Exhibit 2
Page 1 of 34

*applicable, unless such act was done or omitted in bad faith or with malice.*

(4) ORS 30.260 to 30.300 do not apply to any claim against any public body arising before July 1, 1968. Any such claim may be presented and enforced to the same extent and subject to the same procedure and restrictions as if ORS 30.260 to 30.300 had not been adopted.

Section 2. ORS 30.270 is amended to read:

30.270. (1) Liability of [any] *a* public body [on any claim] *on claims* within the scope of ORS 30.260 to 30.300 shall not exceed:

(a) [$25,000 when the claim is one for damage to or destruction of property and $50,000 to any claimant in any other case.] *$25,000 to any claimant for any number of claims for damage to or destruction of property, including consequential damages, arising out of a single accident or occurrence.*

[(b) $300,000 for any number of claims arising out of a single occurrence.]

*(b) $50,000 to any claimant for all other claims arising out of a single accident or occurrence.*

*(c) $300,000 for any number of claims arising out of a single accident or occurrence.*

(2) No award for damages on any such claim shall include punitive damages. The limitation imposed by this section on individual claimants includes damages claimed for loss of services or loss of support arising out of the same tort.

(3) Where the amount awarded to or settled upon multiple claimants exceeds $300,000, any party may apply to any circuit court to apportion to each claimant his proper share of the total amount limited by subsection (1) of this section. The share apportioned each claimant shall be in the proportion that the ratio of the award or settlement made to him bears to the aggregate awards and settlements for all claims arising out of the occurrence.

Section 3. ORS 30.275 is amended to read:

30.275. (1) Every person who claims damages from a public body for or on account of any loss or injury within the scope of ORS 30.260 to 30.300 shall cause to be presented to [the governing body of] the public body within [45] *180* days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, and the amount of compensation or other relief demanded. *Claims against the State of Oregon shall be presented to the state agency against whom the claim is made or to the Attorney General. Claims against any other public body shall be presented to a person upon whom process could be served in accordance with subsection (2) of ORS 15.080.* Failure to state the amount of compensation or other relief demanded does not invalidate the notice . [; but, in such case, the claimant shall furnish full information regarding the nature and extent of the injuries and damages within 30 days after written demand by the public body.]

(2) When the claim is for death, the notice may be presented by the personal representative, surviving spouse or next of kin, or by the consular officer of the foreign country of which the deceased was a citizen, within one year after the alleged injury or loss resulting in such death. However, if the person for whose death the claim is made has presented a notice that would have been sufficient had he lived, an action for wrongful death may be brought without any additional notice.

(3) No action shall be maintained unless such notice has been given and unless the action is commenced within [one year after such notice] *two years after the date of such accident or occurrence.* The time for giving such notice does not include the time, not exceeding 90 days, during which the person injured is [incapacitated by] *unable to give the notice because of* the injury [from giving the notice] *or because of minority, incompetency or other incapacity.*

Enrolled House Bill 1515 Page 2

Exhibit 2
Page 2 of 34

Section 4. ORS 30.320 is amended to read:

30.320. A suit or action may be maintained against any county and against the State of Oregon by and through and in the name of the appropriate state agency upon a contract made by the county in its corporate character, or made by such agency and within the scope of its authority [, and not otherwise]; provided, however, that no suit or action may be maintained against any county or the State of Oregon upon a contract relating to the care and maintenance of an inmate or patient of any county or state institution. An action or suit may be maintained against any other public corporation mentioned in ORS 30.310 [in its corporate character, and within the scope of its authority, or] for an injury to the rights of the plaintiff arising from some act or omission of such other public corporation *within the scope of its authority. An action may be maintained against any governmental unit mentioned in ORS 30.310 for liability in tort only as provided in ORS 30.260 to 30.300.*

Section 5. ORS 221.924 is amended to read:

221.924. [(1)] The council may, whenever it deems it expedient, improve the public grounds within any city referred to in ORS 221.906, and establish and open additional streets and alleys therein. The power and authority to improve streets includes the power and authority to construct, improve, pave, repair, and keep in repair, sidewalks and pavements, and to determine and provide everything convenient and necessary concerning such improvements and repairs.

[(2) Any such city shall not in any event be liable for any damages to any person for injury caused by any defect, or dangerous place, at or in any sidewalk, crosswalk, street, alley, bridge, public ground, public building, or ditch, unless such city has had actual notice of such defect or dangerous place, and a reasonable time thereafter in which to repair or remove such defect or dangerous place before the happening of such accident or injury. In no case shall more than $100 be recovered as damages from any such city for such accident or injury.]

**Section 6.** ORS 366.430, 368.940 and 382.320 are repealed.

**Section 7.** This Act being necessary for the immediate preservation of the public peace, health and safety, an emergency is declared to exist, and this Act shall take effect upon its passage.

———————◇———————

Enrolled House Bill 1515                                                          Page 3

Exhibit 2
Page 3 of 34

**Chapter**                  **, Oregon Laws 1969**

**ENROLLED**

# House Bill ----1515----

---

**Passed by House**          May 10, 1969

~~Repassed by House~~

.........................................................
**Chief Clerk of House**

.........................................................
**Speaker of House**

---

**Passed by Senate**          May 19, 1969

~~Repassed by Senate~~

.........................................................
**President of Senate**

---

**Received by Executive Department:**

.................... M., ........................................, 1969.

*Approved:*                          , 1969.

.........................................................
**Governor**

---

**Filed in Office of Secretary of State:**

.................... M., ........................................, 1969.

.........................................................
**Secretary of State**

Exhibit 2
Page 4 of 34

OREGON LEGISLATIVE ASSEMBLY—1969 REGULAR SESSION

~~ENGROSSED~~ Enrolled

# House Bill 1515

Sponsored by COMMITTEE ON JUDICIARY ~~(at the request of the League~~
~~of Oregon Cities, the Association of Oregon Counties and the Oregon~~
~~School Boards Association)~~

CHAPTER.................................................

## SUMMARY

The following summary is not prepared by the sponsors of the
measure and is not a part of the body thereof subject to con-
sideration by the Legislative Assembly. It is an editor's brief
statement of the essential features of the measure **as introduced.**

Revises scope of governmental tort liability, related procedural provi-
sions and recovery limitations. Directs that claims against state be pre-
sented to Attorney General and all others to appropriate public officers.

Creates immunity from tort liability for public officers, employes and
agents as to claims arising out of certain governmental activities.

Declares an emergency.

**NOTE:** Matter in *italics* in an amended section is new; matter ~~[lined out and brack-
eted]~~ is existing law to be omitted; complete new sections begin with **Section** .

Exhibit 2
Page 5 of 34

HB 1515                              [2]

A BILL FOR AN ACT

Relating to governmental tort liability; ~~creating new provisions;~~ amending

ORS 30.265, 30.270, 30.275, ~~30.285, 30.300,~~ 30.320 and 221.924; and declar-

ing an emergency.

Be It Enacted by the People of the State of Oregon:

Section 1. ORS 30.265 is amended to read:

30.265. (1) Subject to the limitations of ORS 30.260 to 30.300, every

public body is liable for its torts and those of its officers, employes and

agents acting within the scope of their employment or duties, whether aris-

ing out of a governmental or proprietary function.

(2) [Subsection (1) of this section does not apply to:] *Every public body is immune from liability for:*

(a) Any claim for injury to or death of any person or injury to property

resulting from an act or omission of an officer, employe or agent of a public

body when such officer, employe or agent is immune from liability.

(b) Any claim for injury to or death of any person covered by the

Workmen's Compensation Law.

(c) Any claim in connection with the assessment and collection of taxes.

[(d) Any claim based upon an act or omission of an officer, employe or

agent, exercising due care, in the execution of a valid or invalid statute, charter,

ordinance, resolution or regulation.]

[(e)] *(d)* Any claim based upon the performance of or the failure to

exercise or perform a discretionary function or duty, whether or not the

discretion is abused.

[(f)] *(e)* Any claim [against a public body as to which the public body is

immune from liability or its liability is limited] *which is limited or barred* by

the provisions of any other statute.

*(f) Any claim except a claim for the recovery of, and limited to, com-*

*pensatory damages for injury to or death of a person or injury to or*

*destruction of tangible property.*

[(3) As to any claim enumerated in subsection (2) of this section, a

public body shall be liable only in accordance with any other applicable

statute.]

(4) ORS 30.260 to 30.300 do not apply to any claim against any public

body arising before July 1, 1968. Any such claim may be presented and

Exhibit 2
Page 6 of 34

~~HB 1515~~                    [2]

~~A BILL FOR~~ AN ACT

Relating to governmental tort liability; ~~creating new provisions;~~ amending

ORS 30.265, 30.270, 30.275, ~~30.285, 30.300~~ 30.320 and 221.924; and declar-

ing an emergency.

Be It Enacted by the People of the State of Oregon:

Section 1. ORS 30.265 is amended to read:

30.265. (1) Subject to the limitations of ORS 30.260 to 30.300, every

public body is liable for its torts and those of its officers, employes and

agents acting within the scope of their employment or duties, whether aris-

ing out of a governmental or proprietary function.

(2) Subsection (1) of this section does not apply to:

(a) Any claim for injury to or death of any person or injury to property

resulting from an act or omission of an officer, employe or agent of a public

body when such officer, employe or agent is immune from liability.

(b) Any claim for injury to or death of any person covered by the

Workmen's Compensation Law.

(c) Any claim in connection with the assessment and collection of taxes.

~~[(d) Any claim based upon an act or omission of an officer, employe or~~

~~agent, exercising due care, in the execution of a valid or invalid statute, charter,~~

~~ordinance, resolution or regulation.]~~

~~[(e)]~~ (d) Any claim based upon the performance of or the failure to

exercise or perform a discretionary function or duty, whether or not the

discretion is abused.

~~[(f)]~~ (e) Any claim ~~[against a public body as to which the public body is~~

~~immune from liability or its liability is limited]~~ which is limited or barred by

the provisions of any other statute.

~~(f) Any claim except a claim for the recovery of, and limited to, com-~~

~~pensatory damages for injury to or death of a person or injury to or~~

~~destruction of tangible property.~~

[(3) As to any claim enumerated in subsection (2) of this section, a

public body shall be liable only in accordance with any other applicable

statute.]

(3) Neither a public body nor its officers, employes and agents acting

within the scope of their employment or duties are liable for injury or

damage:

enforced to the same extent and subject to the same procedure and restric-

tions as if ORS 30.260 to 30.300 had not been adopted.

Section 2. ORS 30.270 is amended to read:

30.270. (1) Liability of {any} *a* public body {on any claim} *on claims*

within the scope of ORS 30.260 to 30.300 *and liability of officers, employes,*

*and agents of a public body on claims based on conduct within the scope*

*of their employment ~~and duties~~* shall not ~~separately~~ *or in combination*

exceed:

(a) {$25,000 when the claim is one for damage to or destruction of property

and $50,000 to any claimant in any other case.} $25,000 *to any claimant* for any number of

*claims for damage to or destruction of property, including consequential*

*damages, arising out of a single ~~occurrence~~ accident or;*

(b) $300,000 for any number of claims arising out of a single ~~occurrence~~ *other accident or;*

{(c)} *(b)* $50,000 to any claimant for all *claims arising out of a single ~~occur-~~*

rence.

*(c) $50,000 for any number of claims arising out of a single accident or occurrence.*

(2) No award for damages ~~against~~ ~~the public body~~ on any such claim

shall include punitive damages. The limitation imposed by this section on

individual claimants includes damages claimed for loss of services or loss

of support arising out of the same tort.

(3) Where the amount awarded to or settled upon multiple claimants

exceeds ~~the $25,000 limit of paragraph (a) of subsection (1) of this section~~

*or the* $300,000 ~~limit of paragraph (b) of subsection (1) of this section~~

any party may apply to any circuit court to apportion to each claimant his

proper share of the total amount limited by subsection (1) of this section.

The share apportioned each claimant shall be in the proportion that the

ratio of the award or settlement made to him bears to the aggregate awards

and settlements for all claims arising out of the occurrence.

Section 3. ORS 30.275 is amended to read:

30.275. (1) Every person who claims damages from a public body for

or on account of any loss or injury within the scope of ORS 30.260 to

30.300 shall cause to be presented to {the governing body of} the public

body within {45} *180* days after the alleged loss or injury a written notice stating

the time, place and circumstances thereof, and the amount of compensation

or other relief demanded. *Claims against the State of Oregon shall be*

Exhibit 2
Page 8 of 34

HB 1515 [4]

*state agency if it, such claim is made out to the*

presented to the Attorney General. Claims against any other public body shall be presented to a person upon whom process could be served in accordance with subsection (2) of ORS 15.080. Failure to state the amount of compensation or other relief demanded does not invalidate the notice but, in such case, the claimant shall furnish full information regarding the nature and extent of the injuries and damages within 30 days after written demand by the public body.

(2) When the claim is for death, the notice may be presented by the personal representative, surviving spouse or next of kin, or by the consular officer of the foreign country of which the deceased was a citizen, within one year after the alleged injury or loss resulting in such death. However, if the person for whose death the claim is made has presented a notice that would have been sufficient had he lived, an action for wrongful death may be brought without any additional notice.

(3) No action shall be maintained unless such notice has been given *two years after the date of such accident or occurrence* and unless the action is commenced within one year after such notice. The time for giving such notice does not include the time, not exceeding 90 days, during which the person injured is [incapacitated by] unable to give the notice because of the injury [from giving the notice] or because of minority, incompetency or other incapacity.

Section 4. ORS 30.285 is amended to read:

30.285. (1) The governing body of any public body may defend, save harmless and indemnify any of its officers, employes and agents, whether elective or appointive, against any tort claim or demand, whether groundless or otherwise, arising out of an alleged act or omission occurring in the performance of duty.

(2) The provisions of subsection (1) of this section do not apply in case of malfeasance in office or wilful or wanton neglect of duty.

(3) This section does not repeal or modify ORS 243.510 to 243.620.

(4) A determination by the governing body of a public body that one of its officers, employes or agents is eligible for assistance in accordance with subsections (1) and (2) shall be final and conclusive evidence of such eligibility; provided, however, that the governing body may require reimbursement as provided in subsection (2) of ORS 243.620.

Exhibit 2
Page 9 of 34

[ 5 ]                                                                          HB 1515

1    Section 5. ORS 30.300 is amended to read:

2    30.300. ORS 30.260 to 30.300 [is exclusive and] supersedes all [home rule]

3    *conflicting city and county* charter provisions *on the same subject* and *all*

4    conflicting laws and ordinances on the same subject.

5    **Section 6.** Sections 7 to 9 of this Act are added to and made a part of

6    ORS chapter 30.

7    **Section 7.** If a public body is under a mandatory duty imposed by a

8    constitutional, statutory or charter provision designed to protect against

9    the risk of a particular kind of injury, its failure to discharge such duty

10   shall not constitute negligence per se and it shall only be liable for failure

11   to exercise reasonable care to discharge the duty.

12   **Section 8.** Neither a public body nor is officers, employes and agents

13   acting within the scope of their employment or duties are liable for injury

14   or damage because of:

15   (1) Failure to establish a police or fire department or otherwise to

16   provide police or fire protection service, or, if a public body has undertaken

17   to provide police or fire protection service, because of failure to provide

18   or maintain sufficient personnel, equipment or other police or fire protec-

19   tion facilities.

20   (2) The issuance, denial, suspension or revocation of, or the failure or

21   refusal to issue, deny, suspend or revoke, any permit, license, certificate,

22   approval, order or similar authorization where the public body or its

23   officer, employe or agent is authorized by law to determine whether or

24   not such authorization should be issued, denied, suspended or revoked.

25   (3) Failure to make an inspection, or by reason of making an inadequate

26   or negligent inspection of any real or personal property.

27   (4) Adoption or failure to adopt any law, resolution, rule or regulation,

28   or because of failure to enforce any law, resolution, rule or regulation.

29   (5) Dissemination of information, failure to disseminate information,

30   dissemination of erroneous information, or negligent misrepresentation.

31   (6) The occurrence or failure to prevent riot, unlawful assembly, public

32   demonstration, mob violence or other civil disturbance.

33   (7) An act done or omitted under apparent authority of a law, resolu-

34   tion, rule or regulation which is unconstitutional, invalid or inapplicable

Exhibit 2
Page 10 of 34

HB 1515    [ 6 ]

1 except to the extent that they would have been liable had the law, reso-
2 lution, rule or regulation been constitutional, valid and applicable, unless
3 such act was done or omitted in bad faith or with malice.

4    **Section 9.** Except as otherwise provided by statute, an officer, employe
5 or agent of a public body is not liable for an injury caused by the act or
6 omission of another person. Nothing in this section exonerates such an
7 officer, employe or agent from liability for injury proximately caused by
8 his own negligent or wrongful conduct.

9    Section 10. ORS 30.320 is amended to read:

10    30.320. A suit or action may be maintained against any county and
11 against the State of Oregon by and through and in the name of the appro-
12 priate state agency upon a contract made by the county in its corporate
13 character, or made by such agency and within the scope of its authority
14 [, and not otherwise]; provided, however, that no suit or action may be
15 maintained against any county or the State of Oregon upon a contract
16 relating to the care and maintenance of an inmate or patient of any county
17 or state institution. An action or suit may be maintained against any other
18 public corporation mentioned in ORS 30.310 [in its corporate character, and
19 within the scope of its authority, or] for an injury to the rights of the plaintiff
20 arising from some act or omission of such other public corporation *within*
21 *the scope of its authority. An action may be maintained against any gov-*
22 *ernmental unit mentioned in ORS 30.310 for liability in tort only as pro-*
23 *vided in ORS 30.260 to 30.300.*

24    Section 11. ORS 221.924 is amended to read:

25    221.924. [(1)] The council may, whenever it deems it expedient, im-
26 prove the public grounds within any city referred to in ORS 221.906, and
27 establish and open additional streets and alleys therein. The power and
28 authority to improve streets includes the power and authority to construct,
29 improve, pave, repair, and keep in repair, sidewalks and pavements, and
30 to determine and provide everything convenient and necessary concerning
31 such improvements and repairs.

32    [(2) Any such city shall not in any event be liable for any damages to any
33 person for injury caused by any defect, or dangerous place, at or in any side-
34 walk, crosswalk, street, alley, bridge, public ground, public building, or ditch,

Exhibit 2
Page 11 of 34

—[7]—    HB 1515

1  unless such city has had actual notice of such defect or dangerous place, and a

2  reasonable time thereafter in which to repair or remove such defect or dangerous

3  place before the happening of such accident or injury. In no case shall more

4  than $100 be recovered as damages from any such city for such accident or

5  injury.] 366.430, 368.940 and 382.320 are repealed.

6      Section 7. This Act being necessary for the immediate preservation of

7  the public peace, health and safety, an emergency is declared to exist, and

8  this Act shall take effect upon its passage.

Exhibit 2
Page 12 of 34

SENATE   COMMITTEE   REPORT

Salem, Oregon___**May 15, 1969**___

Mr. President:

Your Committee on_____**Judiciary**_____to whom was referred

_____**House Bill 1515**_____, having had the same under

consideration, respectfully report it back with the recommendation that it:

___**x**___ Do pass:                         _____ Do pass with amendments:
_____Be adopted:                          Be adopted with amendments:
_____Do pass with amendments to the printed engrossed bill.
_____(Referred to Committee on Ways & Means by prior reference)
_____(Other -- specify)

Submit:
2 copies if no amdts.
4 copies if amdts.
5 copies if to be printed engrossed.

_Anthony Yturri_
(Chairman)

Sen.____**Lent**_____
will lead floor discussion.

Exhibit 2.
Page 13 of 34

OREGON LEGISLATIVE ASSEMBLY—1969 REGULAR SESSION

# HOUSE AMENDMENTS TO
# HOUSE BILL 1515

### By COMMITTEE ON JUDICIARY

#### May 8, 1969

1    On page 2 of the printed bill, line 2, delete "creating new provisions;".

2    In line 3, delete "30.285, 30.300," and in the same line after "221.924;"
3 insert "repealing ORS 366.430, 368.940 and 382.320;".

4    In line 11, after "(2)" delete the rest of the line and insert "Every
5 public body is immune from liability for:".

6    Delete lines 27 through 32 and insert:

7    "(3) Neither a public body nor its officers, employes and agents acting
8 within the scope of their employment or duties are liable for injury or
9 damage:

10    "(a) Arising out of riot, civil commotion or mob action or out of any
11 act or omission in connection with the prevention of any of the foregoing.

12    "(b) Because of an act done or omitted under apparent authority of
13 a law, resolution, rule or regulation which is unconstitutional, invalid or
14 inapplicable except to the extent that they would have been liable had
15 the law, resolution, rule or regulation been constitutional, valid and
16 applicable, unless such act was done or omitted in bad faith or with
17 malice.".

18    On page 3, line 5, after "30.300" delete the rest of the line.

19    Delete line 6.

20    In line 7, delete "of their employment or duties" and in the same line
21 after "not" delete the rest of the line.

22    In line 10, after "$25,000" insert "to any claimant".

23    In line 12, after "single" insert "accident or".

24    Delete line 13.

NOTE: Matter in *italics* in an amended section is new; matter ~~lined out and bracketed~~ is existing law to be omitted; complete new sections begin with **Section**.

Exhibit 2
Page 14 of 34

HA to HB 1515                    [ 2 ]

1    In line 14, delete "(c)" and insert "(b)" and in the same line after "all"

2  insert "other" and after "single" insert "accident or".

3    After line 15, insert:

4    "(c) $300,000 for any number of claims arising out of a single accident

5  or occurrence.".

6    In line 16, delete "against a public body".

7    In line 21, after "exceeds" delete the rest of the line.

8    In line 22, delete "or the" and restore the comma and delete the rest of

9  the line.

10    In line 32, delete "45" and insert "180".

11    On page 4, line 1, after "the" insert "state agency against whom the

12  claim is made or to the".

13    In line 4, after "notice" delete the semicolon and insert a period.

14    Delete lines 5 through 7.

15    In line 16, delete "one year after such notice" and insert "two years

16  after the date of such accident or occurrence".

17    Delete lines 21 through 34.

18    On page 5, delete lines 1 through 34.

19    On page 6, delete lines 1 through 8.

20    In line 9, delete "10" and insert "4".

21    In line 24, delete "11" and insert "5".

22    On page 7, after line 5, insert:

23    "**Section 6.**  ORS 366.430, 368.940 and 382.320 are repealed.".

24    In line 6, delete "12" and insert "7".

———————◇———————

Exhibit 2
Page 15 of 34

HOUSE AMENDMENTS TO HOUSE BILL 1515

By COMMITTEE ON JUDICIARY

May 8, 1969

On page 2 of the printed bill, line 3, delete "30.285, 30.300," and in the same line after "221.924;" insert "repealing ORS 366.430, 368.940 and 382.320;".

In line 11, after "(2)" delete the rest of the line and insert "Every public body is immune from liability for:".

Delete lines 27 through 32 and insert :

"(3) Neither a public body nor its officers, employes and agents acting within the scope of their employment or duties are liable for injury or damage:

"(a) Arising out of riot, civil commotion or mob action or out of any act or omission in connection with the prevention of any of the foregoing.

"(b) Because of an act done or omitted under apparent authority of a law, resolution, rule or regulation which is unconstitutional, invalid or inapplicable except to the extent that they would have been liable had the law, resolution, rule or regulation been constitutional, valid and applicable, unless such act was done or omitted in bad faith or with malice.".

Rep. Don Wilson    Chairman

2 copies if no amendments
Submit:  4 copies if amendments
5 copies if to be printed engrossed

Retain:  1 copy for committee files

LA4   REV 661

Rep. __Wallace Carson_____ will lead
floor discussion on this measure.

Exhibit 2
Page 16 of 34

On page 3, line 5, after "30.300" delete the rest of the line.

Delete line 6.

In line 7, delete "of their employment or duties" and in the same line after "not" delete the rest of the line.

In line 10, after "$25,000" insert "to any claimant".

In line 12, after "single" insert "accident or".

Delete line 13.

In line 14, delete "(c)" and insert "(b)" and in same line after "all" insert "other" and after "single" insert "accident or".

After line 15, insert:

"(c) $300,000 for any number of claims arising out of a single accident or occurrence.".

In line 16, delete "against a public body".

In line 21, after "exceeds" delete the rest of the line.

~~Delete line 22 and insert "$300,000,".~~ *On line 22, delete "or the" and restore the comma and delete the rest of the line.*

In line 32, delete "45" and insert "180".

On page 4, line 1, after "the" insert "state agency against whom the claim is made or to the".

In line 4, after "notice" delete the ~~comma~~ *semi-colon* and insert a period.

Delete lines 5 through 7.

In line 16, delete "one year after such notice" and insert "two years after the date of such accident or ~~occurence~~".

Delete lines 21 through 34.

On page 5, delete lines 1 through 34.

Exhibit 2
Page 17 of 34

HB 1515
p 3

On page 6, delete lines 1 through 8.

In line 9, delete "10" and insert "4".

In line 24, delete "11" and insert "5".

On page 7, after line 5, insert:

"Section 6.   ORS 366.430, 368.940 and 382.320 are repealed.".

In line 6, delete "12" and insert "7".

Exhibit 2
Page 18 of 34

OREGON LEGISLATIVE ASSEMBLY—1969 REGULAR SESSION

# House Bill 1515

Sponsored by COMMITTEE ON JUDICIARY (at the request of the League
of Oregon Cities, the Association of Oregon Counties and the Oregon
School Boards Association)

## SUMMARY

The following summary is not prepared by the sponsors of the
measure and is not a part of the body thereof subject to con-
sideration by the Legislative Assembly. It is an editor's brief
statement of the essential features of the measure as introduced.

Revises scope of governmental tort liability, related procedural provi-
sions and recovery limitations. Directs that claims against state be pre-
sented to Attorney General and all others to appropriate public officers.

Creates immunity from tort liability for public officers, employes and
agents as to claims arising out of certain governmental activities.

Declares an emergency.

NOTE: Matter in *italics* in an amended section is new; matter [lined out and brack-
eted] is existing law to be omitted; complete new sections begin with **Section**.

Exhibit 2
Page 19 of 34

HB 1515                    [ 2 ]

1      A BILL FOR AN ACT

2  Relating to governmental tort liability; creating new provisions; amending

3      ORS 30.265, 30.270, 30.275, 30.285, 30.300, 30.320 and 221.924; and declar-

4      ing an emergency.

5  *Be It Enacted by the People of the State of Oregon:*

6      Section 1. ORS 30.265 is amended to read:

7      30.265. (1) Subject to the limitations of ORS 30.260 to 30.300, every

8  public body is liable for its torts and those of its officers, employes and

9  agents acting within the scope of their employment or duties, whether aris-

10 ing out of a governmental or proprietary function.

11     (2) Subsection (1) of this section does not apply to:

12     (a) Any claim for injury to or death of any person or injury to property

13 resulting from an act or omission of an officer, employe or agent of a public

14 body when such officer, employe or agent is immune from liability.

15     (b) Any claim for injury to or death of any person covered by the

16 Workmen's Compensation Law.

17     (c) Any claim in connection with the assessment and collection of taxes.

18     [(d) ~~Any claim based upon an act or omission of an officer, employe or~~

19 ~~agent, exercising due care, in the execution of a valid or invalid statute, charter,~~

20 ~~ordinance, resolution or regulation.~~]

21     [(e)] *(d)* Any claim based upon the performance of or the failure to

22 exercise or perform a discretionary function or duty, whether or not the

23 discretion is abused.

24     [(f)] *(e)* Any claim [~~against a public body as to which the public body is~~

25 ~~immune from liability or its liability is limited~~] *which is limited or barred* by

26 the provisions of any other statute.

27     *(f) Any claim except a claim for the recovery of, and limited to, com-*

28 *pensatory damages for injury to or death of a person or injury to or*

29 *destruction of tangible property.*

30     (3) As to any claim enumerated in subsection (2) of this section, a

31 public body shall be liable only in accordance with any other applicable

32 statute.

33     (4) ORS 30.260 to 30.300 do not apply to any claim against any public

34 body arising before July 1, 1968. Any such claim may be presented and

Exhibit 2
Page 20 of 34

1  enforced to the same extent and subject to the same procedure and restric-
2  tions as if ORS 30.260 to 30.300 had not been adopted.

3       Section 2. ORS 30.270 is amended to read:

4       30.270. (1) Liability of [any] *a* public body [on any claim] *on claims*
5  within the scope of ORS 30.260 to 30.300 *and liability of officers, employes*
6  *and agents of a public body on claims based on conduct within the scope*
7  *of their employment or duties* shall not *separately or in combination*
8  exceed:

9       (a) [$25,000 when the claim is one for damage to or destruction of property
10  and $50,000 to any claimant in any other case.] *$25,000 for any number of*
11  *claims for damage to or destruction of property, including consequential*
12  *damages, arising out of a single occurrence.*

13      (b) *$300,000 for any number of claims arising out of a single occurrence.*

14      (c) *$50,000 to any claimant for all claims arising out of a single occur-*
15  *rence.*

16      (2) No award for damages *against a public body* on any such claim
17  shall include punitive damages. The limitation imposed by this section on
18  individual claimants includes damages claimed for loss of services or loss
19  of support arising out of the same tort.

20      (3) Where the amount awarded to or settled upon multiple claimants
21  exceeds *the $25,000 limit of paragraph (a) of subsection (1) of this section*
22  *or the* $300,000[,] *limit of paragraph (b) of subsection (1) of this section*
23  any party may apply to any circuit court to apportion to each claimant his
24  proper share of the total amount limited by subsection (1) of this section.
25  The share apportioned each claimant shall be in the proportion that the
26  ratio of the award or settlement made to him bears to the aggregate awards
27  and settlements for all claims arising out of the occurrence.

28      Section 3. ORS 30.275 is amended to read:

29      30.275. (1) Every person who claims damages from a public body for
30  or on account of any loss or injury within the scope of ORS 30.260 to
31  30.300 shall cause to be presented to [the governing body of] the public
32  body within 45 days after the alleged loss or injury a written notice stating
33  the time, place and circumstances thereof, and the amount of compensation
34  or other relief demanded. *Claims against the State of Oregon shall be*

Exhibit 2
Page 21 of 34

HB 1515                              [ 4 ]

1  *presented to the Attorney General. Claims against any other public body*

2  *shall be presented to a person upon whom process could be served in*

3  *accordance with subsection (2) of ORS. 15.080.* Failure to state the amount

4  of compensation or other relief demanded does not invalidate the notice;

5  but, in such case, the claimant shall furnish full information regarding the

6  nature and extent of the injuries and damages within 30 days after written

7  demand by the public body.

8   (2) When the claim is for death, the notice may be presented by the

9  personal representative, surviving spouse or next of kin, or by the consular

10  officer of the foreign country of which the deceased was a citizen, within

11  one year after the alleged injury or loss resulting in such death. However,

12  if the person for whose death the claim is made has presented a notice

13  that would have been sufficient had he lived, an action for wrongful

14  death may be brought without any additional notice.

15   (3) No action shall be maintained unless such notice has been given

16  and unless the action is commenced within one year after such notice. The

17  time for giving such notice does not include the time, not exceeding 90

18  days, during which the person injured is [incapacitated by] *unable to give*

19  *the notice because of* the injury [from giving the notice] *or because of*

20  *minority, incompetency or other incapacity.*

21   Section 4. ORS 30.285 is amended to read:

22   30.285. (1) The governing body of any public body may defend, save

23  harmless and indemnify any of its officers, employes and agents, whether

24  elective or appointive, against any tort claim or demand, whether ground-

25  less or otherwise, arising out of an alleged act or omission occurring in the

26  performance of duty.

27   (2) The provisions of subsection (1) of this section do not apply in

28  case of malfeasance in office or wilful or wanton neglect of duty.

29   (3) This section does not repeal or modify ORS 243.510 to 243.620.

30   *(4) A determination by the governing body of a public body that one of*

31  *its officers, employes or agents is eligible for assistance in accordance with*

32  *subsections (1) and (2) shall be final and conclusive evidence of such*

33  *eligibility; provided, however, that the governing body may require reim-*

34  *bursement as provided in subsection (2) of ORS 243.620.*

Exhibit 2
Page 22 of 34

[ 5 ]                                                        HB 1515

1    Section 5. ORS 30.300 is amended to read:

2    30.300. ORS 30.260 to 30.300 ~~{is exclusive and}~~ supersedes all ~~{home rule}~~

3  *conflicting city and county* charter provisions *on the same subject* and *all*

4  conflicting laws and ordinances on the same subject.

5    **Section 6.** Sections 7 to 9 of this Act are added to and made a part of

6  ORS chapter 30.

7    **Section 7.** If a public body is under a mandatory duty imposed by a

8  constitutional, statutory or charter provision designed to protect against

9  the risk of a particular kind of injury, its failure to discharge such duty

10  shall not constitute negligence per se and it shall only be liable for failure

11  to exercise reasonable care to discharge the duty.

12    **Section 8.** Neither a public body nor is officers, employes and agents

13  acting within the scope of their employment or duties are liable for injury

14  or damage because of:

15    (1) Failure to establish a police or fire department or otherwise to

16  provide police or fire protection service, or, if a public body has undertaken

17  to provide police or fire protection service, because of failure to provide

18  or maintain sufficient personnel, equipment or other police or fire protec-

19  tion facilities.

20    (2) The issuance, denial, suspension or revocation of, or the failure or

21  refusal to issue, deny, suspend or revoke, any permit, license, certificate,

22  approval, order or similar authorization where the public body or its

23  officer, employe or agent is authorized by law to determine whether or

24  not such authorization should be issued, denied, suspended or revoked.

25    (3) Failure to make an inspection, or by reason of making an inadequate

26  or negligent inspection of any real or personal property.

27    (4) Adoption or failure to adopt any law, resolution, rule or regulation,

28  or because of failure to enforce any law, resolution, rule or regulation.

29    (5) Dissemination of information, failure to disseminate information,

30  dissemination of erroneous information, or negligent misrepresentation.

31    (6) The occurrence or failure to prevent riot, unlawful assembly, public

32  demonstration, mob violence or other civil disturbance.

33    (7) An act done or omitted under apparent authority of a law, resolu-

34  tion, rule or regulation which is unconstitutional, invalid or inapplicable

Exhibit 2
Page 23 of 34

HB 1515 . [ 6 ]

1 except to the extent that they would have been liable had the law, reso-
2 lution, rule or regulation been constitutional, valid and applicable, unless
3 such act was done or omitted in bad faith or with malice.

4     **Section 9.** Except as otherwise provided by statute, an officer, employe
5 or agent of a public body is not liable for an injury caused by the act or
6 omission of another person. Nothing in this section exonerates such an
7 officer, employe or agent from liability for injury proximately caused by
8 his own negligent or wrongful conduct.

9     Section 10. ORS 30.320 is amended to read:

10     30.320. A suit or action may be maintained against any county and
11 against the State of Oregon by and through and in the name of the appro-
12 priate state agency upon a contract made by the county in its corporate
13 character, or made by such agency and within the scope of its authority
14 [, and not otherwise]; provided, however, that no suit or action may be
15 maintained against any county or the State of Oregon upon a contract
16 relating to the care and maintenance of an inmate or patient of any county
17 or state institution. An action or suit may be maintained against any other
18 public corporation mentioned in ORS 30.310 [in its corporate character, and
19 within the scope of its authority, or] for an injury to the rights of the plaintiff
20 arising from some act or omission of such other public corporation *within*
21 *the scope of its authority. An action may be maintained against any gov-*
22 *ernmental unit mentioned in ORS 30.310 for liability in tort only as pro-*
23 *vided in ORS 30.260 to 30.300.*

24     Section 11. ORS 221.924 is amended to read:

25     221.924. [(1)] The council may, whenever it deems it expedient, im-
26 prove the public grounds within any city referred to in ORS 221.906, and
27 establish and open additional streets and alleys therein. The power and
28 authority to improve streets includes the power and authority to construct,
29 improve, pave, repair, and keep in repair, sidewalks and pavements, and
30 to determine and provide everything convenient and necessary concerning
31 such improvements and repairs.

32 [(2) Any such city shall not in any event be liable for any damages to any
33 person for injury caused by any defect, or dangerous place, at or in any side-
34 walk, crosswalk, street, alley, bridge, public ground, public building, or ditch;

Exhibit 2
Page 24 of 34

[ 7 ]                               HB 1515

1 ~~unless such city has had actual notice of such defect or dangerous place, and a~~
2 ~~reasonable time thereafter in which to repair or remove such defect or dangerous~~
3 ~~place before the happening of such accident or injury. In no case shall more~~
4 ~~than $100 be recovered as damages from any such city for such accident or~~
5 ~~injury.]~~

6   **Section 12.** This Act being necessary for the immediate preservation of
7 the public peace, health and safety, an emergency is declared to exist, and
8 this Act shall take effect upon its passage.

———◇———

Exhibit 2
Page 25 of 34

A BILL FOR

AN ACT

Relating to governmental tort liability; creating new provisions;
and amending ORS 30.265, 30.270, 30.275, 30.285, 30.300,
30.320 and 221.924; *and declaring an emergency.*

Be It Enacted by the People of the State of Oregon:

Section 1.  ORS 30.265 is amended to read:

30.265.  (1)  Subject to the limitations of ORS 30.260 to
30.300, every public body is liable for its torts and those of its
officers, employes and agents acting within the scope of their
employment or duties, whether arising out of a governmental or
proprietary function.

(2)  Subsection (1)  of this section does not apply to:

(a)  Any claim for injury to or death of any person or injury
to property resulting from an act or omission of an officer, employe
or agent of a public body when such officer, employe or agent is
immune from liability.

(b)  Any claim for injury to or death of any person covered
by the Workmen's Compensation Law.

(c)  Any claim in connection with the assessment and collection
of taxes.

Exhibit 2
Page 26 of 34

[(d)  Any claim based upon an act or omission of an officer, employe or agent, exercising due care, in the execution of a valid or invalid statute, charter, ordinance, resolution or regulation.]

[(e)] (d)  Any claim based upon the performance of or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused.

[(f)] (e)  Any claim [against a public body as to which the public body is immune from liability or its liability is limited] which is limited or barred by the provisions of any other statute.

(f)  Any claim except a claim for the recovery of, and limited to, compensatory damages for injury to or death of a person or injury to or destruction of tangible property.

(3)  As to any claim enumerated in subsection (2) of this section, a public body shall be liable only in accordance with any other applicable statute.

(4)  ORS 30.260 to 30.300 do not apply to any claim against any public body arising before July 1, 1968.  Any such claim may be presented and enforced to the same extent and subject to the same procedure and restrictions as if ORS 30.260 to 30.300 had not been adopted.

Section 2.  ORS 30.270 is amended to read:

30.270.  (1)  Liability of [any] a public body [on any claim] on claims within the scope of ORS 30.260 to 30.300 and liability of officers, employes and agents of a public body on claims based on conduct within the scope of their employment or duties shall not separately or in combination exceed:

(a)  [$25,000 when the claim is one for damage to or destruction

-2-

Exhibit 2
Page 27 of 34

of property and $50,000 to any claimant in any other case.] $25,000 for any number of claims for damage to or destruction of property, including consequential damages, arising out of a single occurrence.

(b)  $300,000 for any number of claims arising out of a single occurrence.

(c)  $50,000 to any claimant for all claims arising out of a single occurrence.

(2)  No award for damages against a public body on any such claim shall include punitive damages.  The limitation imposed by this section on individual claimants includes damages claimed for loss of services or loss of support arising out of the same tort.

(3)  Where the amount awarded to or settled upon multiple claimants exceeds the $25,000 limit of subsection (1) (c) or the $300,000 limit of subsection (1) (e) any party may apply to any circuit court to apportion to each claimant his proper share of the total amount limited by subsection (1) of this section.  The share apportioned each claimant shall be in the proportion that the ratio of the award or settlement made to him bears to the aggregate awards and settlements for all claims arising out of the occurrence.

Section 3.  ORS 30.275 is amended to read:

30.275.  (1)  Every person who claims damages from a public body for or on account of any loss or injury within the scope of ORS 30.260 to 30.300 shall cause to be presented to [the governing body of] the public body within 45 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, and the amount of compensation or other relief demanded.

-3-

Exhibit 2
Page 28 of 34

Claims against the State of Oregon shall be presented to the Attorney
General.  Claims against any other public body shall be presented
to a person upon whom process could be served in accordance with ~~subsection (2) of~~

(e) ORS 15.080. subsection (2).  Failure to state the amount of compensation
or other relief demanded does not invalidate the notice; but, in
such case, the claimant shall furnish full information regarding the
nature and extent of the injuries and damages within 30 days after
written demand by the public body.

(2)  When the claim is for death, the notice may be presented
by the personal representative, surviving spouse or next of kin, or
by the consular officer of the foreign country of which the deceased
was a citizen, within one year after the alleged injury or loss
resulting in such death.  However, if the person for whose death the
claim is made has presented a notice that would have been sufficient
had he lived, an action for wrongful death may be brought without
any additional notice.

(3)  No action shall be maintained unless such notice has been
given and unless the action is commenced within one year after such
notice.  The time for giving such notice does not include the time,
not exceeding 90 days, during which the person injured is [incapacitated]
unable to give the notice because of the injury [from giving the notice]
or because of minority, incompetency or other incapacity.

Section 4.  ORS 30.285 is amended to read:

30.285.  (1)  The governing body of any public body may defend,
save harmless and indemnify any of its officers, employes and agents,
whether elective or appointive, against any tort claim or demand,

-4-

Exhibit 2
Page 29 of 34

whether groundless or otherwise, arising out of an alleged act
or omission occurring in the performance of duty.

(2)  The provisions of subsection (1) of this section do not
apply in case of malfeasance in office or wilful or wanton neglect
of duty.

(3)  This section does not repeal or modify ORS 243.510 to
243.620.

(4)  A determination by the governing body of a public body
that one of its officers, employes or agents is eligible for assistance
in accordance with subsections (1) and (2) shall be final and conclusive
evidence of such eligibility; provided, however, that the governing body
may require reimbursement as provided in ORS 243.620. (2)

Section 5.  ORS 30.300 is amended to read:

30.300.  ORS 30.260 to 30.300 [is exclusive and] supersedes all
[home rule] conflicting city and county charter provisions on the same
subject and all conflicting laws and ordinances on the same subject.

Section 6.  Sections 7 to 9 of this Act are added to and made a
part of ORS chapter 30.

Section 7.  If a public body is under a mandatory duty imposed by
a constitutional, statutory or charter provision designed to protect
against the risk of a particular kind of injury, its failure to dis-
charge such duty shall not constitute negligence per se and it shall
only be liable for failure to exercise reasonable care to discharge
the duty.

Section 8.  Neither a public body nor its officers, employes and

-5-

Exhibit 2
Page 30 of 34

agents acting within the scope of their employment or duties are liable for injury or damage because of:

(1) Failure to establish a police or fire department or otherwise to provide police or fire protection service, or, if a public body has undertaken to provide police or fire protection service, because of failure to provide or maintain sufficient personnel, equipment or other police or fire protection facilities.

(2) The issuance, denial, suspension or revocation of, or the failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order or similar authorization where the public body or its officer, employe or agent is authorized by law to determine whether or not such authorization should be issued, denied, suspended or revoked.

(3) Failure to make an inspection, or by reason of making an inadequate or negligent inspection of any real or personal property.

(4) Adoption or failure to adopt any law, resolution, rule or regulation, or because of failure to enforce any law, resolution, rule or regulation.

(5) Dissemination of information, failure to disseminate information, dissemination of erroneous information, or negligent misrepresentation.

(6) The occurrence or failure to prevent riot, unlawful assembly, public demonstration, mob violence or other civil disturbance.

(7) An act done or omitted under apparent authority of a law, resolution, rule or regulation which is unconstitutional, invalid or

-6-

Exhibit 2
Page 31 of 34

inapplicable except to the extent that they would have been liable had

the law, resolution, rule or regulation been constitutional, valid and

applicable, unless such act was done or omitted in bad faith or with

malice.

Section 9.  Except as otherwise provided by statute, an officer,

employe or agent of a public body is not liable for an injury caused

by the act or omission of another person.  Nothing in this section

exonerates such an officer, employe or agent from liability for

injury proximately caused by his own negligent or wrongful conduct.

Section 10.  ORS 30.320 is amended to read:

30.320.  A suit or action may be maintained against any county

and against the State of Oregon by and through and in the name of the

appropriate state agency upon a contract made by the county in its

corporate character, or made by such agency and within the scope of

its authority [and not otherwise]; provided, however, that no suit

or action may be maintained against any county or the State of Oregon

upon a contract relating to the care and maintenance of an inmate or

patient of any county or state institution.  An action or suit may

be maintained against any other public corporation mentioned in

ORS 30.310 [in its corporate character, and within the scope of

its authority, or] for an injury to the rights of the plaintiff

arising from some act or omission of such other public corporation within

the scope of its authority.  An action may be maintained against

any governmental unit mentioned in ORS 30.310 for liability in tort

only as provided in ORS 30.260 to 30.300.

Section 11.  ORS 221.924 is amended to read:

221.924.  [(1)] The council may, whenever it deems it expedient,

–7–

Exhibit 2
Page 32 of 34

improve the public grounds within any city referred to in ORS 221.906,
and establish and open additional streets and alleys therein.    The
power and authority to improve streets includes the power and authority
to construct, improve, pave, repair, and keep in repair, sidewalks
and pavements, and to determine and provide everything convenient
and necessary concerning such improvements and repairs.

[(2)  Any such city shall not in any event be liable for any
damages to any person for injury caused by any defect, or dangerous
place, at or in any sidewalk, crosswalk, street, alley, bridge,
public ground, public building, or ditch, unless such city has had
actual notice of such defect or dangerous place, and a reasonable
time thereafter in which to repair or remove such defect or dangerous
place before the happening of such accident or injury.  In no case
shall more than $100 be recovered as damages from any such city for
such accident or injury.]

Section 12.  This Act being necessary for the immediate preservation
of the public peace, health and safety, an emergency is declared to
exist, and this Act shall take effect upon its passage.

−8−

Exhibit 2
Page 33 of 34

# HOUSE BILL BACK

RECEIVED
HOUSE DESK

### ▼ CROSS OUT INAPPLICABLE WORDS ▼

BILL ⎫
~~RESOLUTION~~ ⎬ NUMBER ___1515___   1969 FEB 17   AM 11 02
~~MEMORIAL~~ ⎭

Title:
Relating to governmental tort liability; creating new provisions;
amending ORS 30.265, 30.270, 30.275, 30.285, 30.300, 30.320 and
221.924; and declaring an emergency.

Introduced by: ~~Representative~~

___Committee on Judiciary___ (at the request of the League of Oregon Cities,
the Association of Oregon Counties and the Oregon School Boards Association)

## ADDITIONAL SIGNERS

| HOUSE | | SENATE |
|-------|-------|--------|
| Akeson | Ingalls | Atiyeh |
| Anunsen | Johnson | Bain |
| Bazett | Kennedy | Bateson |
| Bennett | Lang | Boivin |
| Boe | Macpherson | Burns |
| Bradley | Mann | Cook |
| Browne | Markham | Dement |
| Carson | Martin | Eivers |
| Chuinard | McCready | Elfstrom |
| Cole | McGilvra | Fadeley |
| Crothers | McKenzie | Flegel |
| Davis | Meeker | Hallock |
| Day | Peck | Holmstrom |
| Detering | Priestley | Hoyt |
| Dielschneider | Pynn | Husband |
| Dugdale | Richards | Huston |
| Elliott | Ripper | Inskeep |
| Eymann | Roberts | Ireland |
| Frost | Rogers | Jernstedt |
| Graham | Skelton | Lent |
| Groener | Smith | McKay |
| Gwinn | Stathos | Morgan |
| Haas | Stevenson | Newbry |
| Hanneman | Thornton | Ouderkirk |
| Hansell | Turner | Potts |
| Hart | Willits | Raymond |
| Hartung | Wilson, Don | Roberts |
| Heard | Wilson, M. Keith | Stadler |
| Howard | Wingard | Willner |
| Howe | Young | Yturri |

Exhibit 2
Page 34 of 34