WILLIAM W. MANLOVE, OSB #891607
Senior Deputy City Attorney
william.manlove@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendant City of Portland*

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **MEGHAN OPBROEK**, an individual, | Case No.: **3:22-cv-00610-JR** |
| **PLAINTIFF,** | |
| v. | **DEFENDANT CITY OF PORTLAND'S OBJECTIONS TO FINDINGS AND RECOMMENDATION** |
| **CITY OF PORTLAND**, a municipal corporation, **ZACHARY DOMKA** in his individual capacity, **BRENT TAYLOR**, in his individual capacity, **MARK DUARTE**, in his individual capacity, and **ERIK KAMMERER** in his individual capacity, | |
| **DEFENDANTS.** | |

In accordance with Fed. R. Civ. P. 72(b), defendant City of Portland ("City") respectfully files the following objections to Magistrate Judge Jolie A. Russo's proposed Findings and Recommendation ("F&R"), ECF 84, regarding City's Partial Motion to Dismiss ("City's Motion"), ECF 16.

## I.     The Jurisdictional Issue is Separate from Plaintiff's Substantive Claims.

The City's Motion argues ORS 30.265(6)(e), ("Riot, Civil Commotion, Mob Action Immunity"), provides the City immunity from Plaintiff's state law claims of assault, battery and negligence. The City's Rule 12(b)(1) motion makes a factual attack on Plaintiff's First Amended

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

Complaint, arguing the Court lacks jurisdiction to hear these claims. (See City's Motion, pp. 1-2.)

Judge Russo correctly notes that "when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits" the Court should deny a Rule 12(b)(1) motion challenging jurisdiction. (F&R, p. 4.) Judge Russo concludes such is the case with the City's motion. (F&R, p. 8.) She notes that "the parties dispute the nature of plaintiff's and defendants' actions during the demonstration, and resolution of that factual dispute is substantially intertwined with the merits of plaintiff's claims." (Id.) Judge Russo expands the scope of the inquiry by noting that the City's conduct at "prior or subsequent protests" and the "reasonableness or excessive danger of each actor's conduct within the context of broader events occurring at the time are core elements with regard to both plaintiff's state and federal constitutional claims." (Id.)

Respectfully, Judge Russo is incorrect. "The question of jurisdiction and the merits of an action are intertwined where "a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004), quoting *Sun Valley Gas., Inc. v. Ernst Enters*., 711 F.2d 138, 140 (9th Cir. 1983). In the present case, the material issue is not "the nature of plaintiff's and defendants' actions" but rather, whether Plaintiff's state law claims arise out of "riot, civil commotion or mob action or any act or omission in connection with the prevention of any of the foregoing." ORS 30.265(6)(e). Whether the force used against Plaintiff was justified or unjustified, or reasonable or unreasonable, has no bearing on whether the City is entitled to ORS 30.265(6)(e) immunity.[1] Similar to application of the other immunities found in ORS 30.265, once the factual predicate for immunity is established, immunity attaches, and a plaintiff has no claim against the public body.

---

[1] In fact, for purposes of deciding the City's Rule 12(b)(1) motion only, the Court can assume the force used against Plaintiff was unjustified and unreasonable.

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

Judge Russo's consideration of "prior or subsequent protests" shows her analysis is wrong. These are matters irrelevant to the proper ORS 30.265(6)(e) inquiry. The lawfulness or reasonableness of the parties' conduct on June 26, 2020 – or some other time – is not the issue. The Rule 12(b)(1) issue is separate and more focused: whether on June 26, 2020, Plaintiff was injured during a "riot, civil commotion or mob action." This jurisdictional issue of the City's immunity under state law is not intertwined with the substantive merits of Plaintiff's claims under federal law. As such, the Court may proceed to consider the jurisdictional issue in the City's Motion and make appropriate findings on any disputed fact. *Safe Air for Everyone, supra* at 1039.

II.    **Plaintiff has Failed to Prove the Court has Subject Matter Jurisdiction Over Her State Law Claims.**

Plaintiff bears the burden of proving that the Court has subject matter jurisdiction over her state law claims. (F&R, p. 4.) *See also Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *see also Cox v. City of Portland*, 2022 WL 16552077, *2 (D. Or.) (October 26, 2022). Moreover, "[w]hen the defendant raises a factual attack, the plaintiff must support her jurisdictional allegations with 'competent proof,' under the same evidentiary standard that governs in the summary judgment context." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014), *cert. den*. 135 S.Ct. 361 (2014). However, ORS 30.265(6)(e) is an affirmative defense. (See F&R, p. 8, n. 5.) In this regard, once the City meets its initial burden as the moving party in its Rule 12(b)(1) motion, the burden of proof switches to the Plaintiff, consistent with any summary judgment motion.

As suggested in Defendant City's Reply to Plaintiff's Response to Defendant City of Portland's Motion to Dismiss ("City's Reply"), ECF 78, resolving the jurisdictional issue first requires deciding whether Plaintiff was injured during a riot, civil commotion, or mob action. (City's Reply, p. 2.) Once that question is answered, the jurisdictional issue turns on the meaning of ORS 30.265(6)(e). (See City's Reply, pp. 15-24.)

Page  3  –  DEFENDANT CITY OF PORTLAND'S OBJECTIONS TO FINDINGS AND RECOMMENDATION

A.    Plaintiff's state law claims arose out of a riot, civil commotion or mob action.

Judge Russo notes that ORS 30.265(6)(e) fails to define "riot, civil commotion or mob action." (F&R, p. 7.) She notes the City's efforts to provide a plain-meaning interpretation of those words based on Oregon case law, Black's Law Dictionary and case law from other jurisdictions. (F&R, pp. 5-6.) (See City's Reply, pp. 6-15.) Notably, Judge Russo never says the City's plain-meaning interpretation is incorrect. However, she appropriately points out that ORS 30.265(6)(e) speaks of claims "arising out of" a riot, civil commotion or mob action," and cites *Sheridan v. United States*, 487 U.S. 392 (1988), for its discussion of that phrase in the context of government immunity under the Federal Tort Claims Act ("FTCA").

In *Sheridan*, the plaintiffs were injured when an off duty, intoxicated, government employee shot them with a rifle from a government medical facility. *Sheridan*, *supra* at 393-94. The issue was whether the intentional act exception under the FTCA barred plaintiffs' claims. *Id*. However, plaintiffs' theory of recovery was not that their injuries were caused solely by the intentional assault. Rather, plaintiffs' theory was that earlier, negligent conduct of other government employees was a causal factor in the intentional assault of the intoxicated employee, and therefore, the intentional act exception, did not apply. *Id.* at 395.

While the Court ultimately held that plaintiffs' claims were not subject to the FTCA's intentional act exception, it noted that "[t]he words "any claim arising out of" an assault or battery are *unquestionably broad enough* to bar all claims based *entirely* on an assault and battery." *Id*. at 398. (First emphasis added; second emphasis original.) The dissent in *Sheridan* made the same observation about the breadth of the phrase "arising out of": "it encompasses *all* injuries associated *in any way* with an assault or battery." *Id*. at 409. (Emphasis added.)

In other words, "arising out of" in ORS 30.265(6)(e) should be given its broadest interpretation. The Court should not limit its analysis to the few seconds before Plaintiff was injured on June 26, 2020. Rather, the Court should consider all the behavior of the crowd on June 25-26, 2020, both before Plaintiff arrived at North Precinct and after she left. (See City's

Page  4  –  DEFENDANT CITY OF PORTLAND'S OBJECTIONS TO FINDINGS AND
RECOMMENDATION

Reply, pp. 3-6.)

With respect to the circumstances occurring at North Precinct on June 25-26, 2020, Judge Russo provides an incomplete description of the factual evidence the parties have submitted. (See F&R, pp. 2-3.) She notes that "document discovery and depositions have not yet taken place." (F&R, p. 9.) As a result, she concludes the evidentiary submissions are inadequate to determine as a matter of law that Plaintiff's state law claims arose of a "riot, civil commotion or mob action" or the prevention of such an occurrence. (Id.)

However, the declarations and video submitted in support of City's Motion with respect to the material facts are sufficient for purposes of the City's Motion. (See City's Motion, pp. 3-7.) (See also City's Reply, pp. 2-6.) The material facts adduced from that evidence are undisputed. Plaintiff's First Amended Complaint and own her declaration corroborate the City's evidence as to the material facts. (See First Amended Complaint, ECF 5; Declaration of Meghan Opbroek in Support of Plaintiff's Response to Defendant City of Portland's Partial Motion to Dismiss, ECF 64.) Moreover, the video submitted speaks for itself and is unassailable. (See Declaration of Cory Craig in Support of Defendant City of Portland's Partial Motion to Dismiss, ¶ 3, Exhibit 2.) (ECF 18.) Without any doubt, the video submitted in support of the City's Motion shows "five or more other persons engag[ing] in tumultuous and violent conduct and thereby intentionally or recklessly create[ing] a grave risk of public alarm." See ORS 166.015, Riot. *See Scott v. Harris*, 550 U.S. 372, 379-80 (2007) (If a video recording depicts events and neither party raises a legitimate challenge to the authenticity of the video, the video will control.)

The Court should find the Plaintiff's state law claims for assault, battery and negligence arose during a "riot, civil commotion or mob action."

B.     The plain text of ORS 30.265(6)(e) provides the City immunity.

Judge Russo concludes that "the text, context, and legislative history of [ORS 30.265(6)(e)] is at odds with the City's assertion of immunity." (F&R, p.7.) However, Judge Russo never discusses the plain language/text or context of the statute. As argued in the City's

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

Reply, the plain language/text and context of the statute supports the City's interpretation. (See City's Reply, pp. 15-16.) In order to adopt Plaintiff's interpretation of ORS 30.265(6)(e), the Court would have to rewrite the statute by adding words to the text. Significantly though, in interpreting a statute, a reviewing court should not omit what the legislature has inserted or insert what the legislature has omitted from the statute. *Carlson v. Myers*, 327 Or 213, 224 (1998); ORS 174.010.

Moreover, Judge Russo gives undue weight to the comments of a non-legislator about an earlier draft on the bill. (See F&R, p. 7.) Even Plaintiff acknowledges that the language written by Professor Henke was "commentary" on a "proposed draft" and that the final language enacted in 1969 was "slightly different." (See Plaintiff's Response to Defendant City of Portland's Motion to Dismiss ("Plaintiff's Response"), ECF 63, p. 11.) In fact, the City's more complete presentation of the legislative history shows the legislature *rejected* Mr. Henke's commentary and proposed draft. (See City Reply, pp. 17-20.) With respect to discerning legislative intent, what matters is the language the legislature ultimately adopted, not the comments from a non-legislator witness who was commenting on a version of the statute that was not passed.

     C.     <u>*Albers* and *Hicks* apply the City's interpretation of ORS 30.265(6)(e).</u>

Two federal courts in Oregon have applied the unambiguous text of ORS 30.265(6)(e) to bar state law claims arising out of a riot or civil protest: *Albers v. Whitley*, 546 F.Supp. 726 (1982), *aff'd* 788 F.2d 650 (9th Cir. 1986), and *Hicks v. City of Portland*, 2006 WL 3311552 (D. Or.) (Nov. 8, 2006). Judge Russo notes these cases, but concludes they are of limited value, because neither engages in a statutory analysis, and both were decided on a more complete factual record than the record provided in the City's Motion. (F&R, p. 9.)

First, the fact neither *Albers* nor *Hicks* engaged in a statutory analysis is actually evidence that the statute is clear and unambiguous. Judge Panner in *Albers*, and Judges Ashmanskas and Mosman in *Hicks,* found the plain language/text of the statute sufficiently clear to apply it to bar the plaintiffs' claims. In other words, the absence of such an analysis is not a defect in these

Page  6  –  DEFENDANT CITY OF PORTLAND'S OBJECTIONS TO FINDINGS AND RECOMMENDATION

earlier cases.  Rather, the absence simply shows the analysis was not necessary.

Second, as explained earlier at pp. 4-5, the material factual record is undisputed and sufficient to conclude that Plaintiff's state law claims arose out of a "riot, civil commotion, or mob action."

        D.     <u>The City's interpretation of ORS 30.265(6)(e) does not violate the Oregon Constitution.</u>

Judge Russo suggests the City's interpretation of ORS 30.265(6)(e) might violate the Oregon Constitution.  (F&R, p. 7.)  She notes that at common law, police officers were not immune for their tortious conduct committed within the scope of their employment.  (F&R, p. 7, n. 4.)  However, Plaintiff's state law claims are directed at the City only.  (See First Amended Complaint, ¶¶ 58-72.)  As the City made clear in City's Reply, cities in Oregon have always been immune from lawsuits arising from "riots, routs, and unlawful assemblies…" *City of Corvallis v. Carlile*, 10 Or 139, 142 (1882).  (See City's Reply, pp. 21-24.)

## III.    Conclusion

For the reasons above, the Court should grant the City's Motion.  Alternatively, the Court should certify the question of the nature and scope of ORS 30.265(6)(e)'s immunity to the Oregon Supreme Court.

Dated:  May 10, 2023

                            Respectfully submitted,

                            */s/ William W. Manlove*
                            WILLIAM W. MANLOVE, OSB # 891607
                            Senior Deputy City Attorney
                            william.manlove@portlandoregon.gov
                            *Of Attorneys for Defendant City of Portland*

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047