IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MEGHAN OPBROEK**, <br><br> Plaintiff, <br><br> v. <br><br> **CITY OF PORTLAND**, a municipal corporation, **ZACHARY DOMKA**, in his individual capacity, **BRENT TAYLOR**, in his individual capacity, **MARK DUARTE**, in his individual capacity, and **ERIK KAMMERER**, in his individual capacity, <br><br> Defendants. | Case No. 3:22-cv-610-JR <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

      Meghan Opbroek asserts state and federal claims against the City of Portland along with Zachary Domka, Brent Taylor, Mark Duarte, and Erik Kammerer in their individual capacities (collectively, Defendants). The City has filed a motion to dismiss. On April 26, 2023, U.S. Magistrate Judge Jolie A. Russo issued Findings and Recommendation (F&R) recommending that the Court deny the City's motion to dismiss. For the reasons discussed below, the Court adopts the F&R.

PAGE 1 – ORDER

## STANDARDS OF REVIEW

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Federal Rule of Civil Procedure 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

## DISCUSSION

The City moved to dismiss Opbroek's state law claims for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. The F&R recommends that the Court deny the City's motion to dismiss. The F&R relies on both statutory interpretation of Oregon Revised Statutes (ORS) § 30.265(6)(e) and Ninth Circuit caselaw on jurisdictional factfinding to make this recommendation. The City timely objects to the F&R's reasoning as to

PAGE 2 – ORDER

both legal issues. The City also requests that the Court certify the question of how to construe ORS § 30.265(6)(e) in these circumstances to the Oregon Supreme Court.

**A. Statutory Interpretation**

The F&R begins with a statutory interpretation of ORS § 30.265(6)(e). This section provides an exception to the Oregon Tort Claims Act's (OTCA) waiver of immunity—that is, this section *preserves* immunity—for "[a]ny claim arising out of riot, civil commotion or mob action or out of any act or omission in connection with the prevention of any of the foregoing." *Id.* Neither federal nor state courts have thoroughly analyzed this statutory provision. This provision determines whether sovereign immunity shields the City from Opbroek's state law claims in this case. The City argues that ORS § 30.265(6)(e) offers expansive protection against liability in circumstances of civil disobedience. According to the City, this immunity protects against *any* claim either arising out of a riot, civil commotion, or mob action, or based on *any* act or omission that the City undertook to prevent the same. This Court would thus lack subject matter jurisdiction over Opbroek's state law claims against the City under this interpretation.

The F&R, however, agrees with Opbroek that the text, context, and legislative history of ORS § 30.265(6)(e) suggest a different reading. According to Opbroek, the Oregon state legislature intended this provision to help public bodies get liability insurance by providing immunity when third parties suffer damages as a result of a riot, civil commotion, or mob action that the public body allegedly causes or fails to prevent. *See* H.B. 1515, 1969 Leg., House Judiciary Comm. Minutes (Or. 1969) ("[This section] does not bar claims for torts committed by public employees during the course of civil disturbances but would preclude claims based on a theory that a public body caused or failed to prevent a civil disturbance. Liability insurance policies commonly exclude coverage of this risk."); *see also Municipal Liability for Riot Damage*, 81 Harv. L. Rev. 653 (Jan. 1968) (reviewing contemporary state statutes holding

PAGE 3 – ORDER

municipalities liable for losses resulting from mob violence). The F&R also notes that "[a]t common law, prior to the enactment of the OTCA in 1968, police officers were not immune from liability for tortious conduct committed within the scope of employment. So far as we can tell from the history of this state, police officers have never enjoyed such an immunity." ECF 84 at 7 n.4 (quoting *Rogers v. Saylor*, 306 Or. 267, 274 (1988)).

The City raises several objections that restate arguments already briefed to Judge Russo concerning the proper statutory interpretation of ORS § 30.265(6)(e), including the weight afforded to legislative history and to what degree *Albers v. Whitley*, 546 F. Supp. 726 (D. Or. 1982), and *Hicks v. City of Portland*, 2006 WL 3311552 (D. Or. Nov. 8, 2006), can aid that interpretation. The Court has reviewed *de novo* the portions of the F&R that address these arguments, as well as the parties' motion to dismiss, response, reply, the City's objections to the F&R, and Plaintiff's response to those objections. The Court agrees with the reasoning in the F&R as to these objections.

## B. Factual Attack on Subject Matter Jurisdiction

The F&R also finds that, regardless of statutory interpretation, it would be inappropriate to make a jurisdictional determination at this time on subject matter jurisdiction because the factual questions related to subject matter jurisdiction overlap with the factual questions related to the merits of Opbroek's claims. The facts relevant to jurisdiction and Opbroek's substantive claims are thus said to "intertwine." *See Sun Valley Gasoline, Inc. v. Ernst Enters., Inc.*, 711 F.2d 138, 139 (9th Cir. 1983) ("A court may, in certain instances, decide genuinely disputed factual issues relating to jurisdiction prior to trial. However, because jurisdictional fact-finding by the court deprives litigants of the protections otherwise afforded by Rule 56 [of the Federal Rules of Civil Procedure], we have defined certain limits upon this power of the court." (citations omitted)). Opbroek argues and the F&R agrees that the jurisdictional issue is "so intertwined"

with the substantive issues of the merits of Opbroek's claims that the Court cannot decide genuinely disputed factual issues related to jurisdiction.[1]

The City argues that the F&R errs in finding that these issues intertwine. According to the City, the sole determination for jurisdiction is whether Opbroek's state law claims arise out of a "riot, civil commotion or mob action or out of any act or omission in connection with the prevention of any of the foregoing." ORS § 30.265(6)(e). The F&R mistakenly broadens this inquiry, the City argues, by considering the reasonableness or excessive danger of each actor's conduct within the protests at the time generally. The City contends that such considerations are beside the point where ORS § 30.265(6)(e) is concerned, and therefore irrelevant to the question of the Court's subject matter jurisdiction.

This argument fails under either party's interpretation of ORS § 30.265(6)(e). Under Opbroek's interpretation, with which the F&R agrees and the Court adopts, no intertwining analysis is necessary. The Court need not make any factual determinations because the statutory provision immunizes the City only from tort claims based on a theory that the City caused or failed to prevent a riot, civil disturbance, or mob action, and that the resulting riot, civil disturbance, or mob action caused damage to a third party. Thus, this exception to the OTCA's waiver of sovereign immunity does not apply to these circumstances. Subject matter jurisdiction, therefore, would not be in dispute.

Even if the Court were to adopt the City's interpretation of ORS § 30.265(6)(e)—which it does not—the Court still would need to determine whether the gathering at issue was a "riot,

---

[1] Further, the parties have not yet conducted document discovery or taken depositions. Even were the jurisdictional and substantive issues not intertwined, the Court would hesitate to make a jurisdictional finding on such a sparse factual record for the reasons explained in the F&R.

civil commotion or mob action." These terms are not defined by the statute. To draw the line between protest and riot, the Court would need to consider, for example, facts related to the reasonableness of and danger presented by the participants' actions. Such a determination would also necessarily tread on questions relevant to the merits of Opbroek's claims that the City assaulted, battered, and acted negligently towards her by deploying a flashbang grenade that caused severe injury. Accordingly, the "resolution of the jurisdictional question is dependent on factual issues going to the merits" and the two thus intertwine. *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987). Making a jurisdictional finding would therefore be inappropriate at this stage even under the City's statutory analysis.[2]

**C. Certification**

The City asks the Court to certify a question about the nature and scope of ORS § 30.265(6)(e) to the Oregon Supreme Court. The City, however, fails to identify a specific legal question for certification, let alone shows how the City satisfies the test for certification in Oregon. *See W. Helicopter Servs., Inc. v. Rogerson Aircraft Corp.*, 311 Or. 361, 364-66 (1991) (describing five criteria for certifying questions to the Oregon Supreme Court or Court of Appeals). This Court on its own sees no reason to certify, particularly in light of the Court's

---

[2] The City emphasizes that the current state of the factual record, including video evidence, suffices to show that the event in question was a "riot." The Court agrees with the reasoning in the F&R, however, that the record is not complete enough to support this conclusion as a matter of law. The parties have yet to conduct document discovery or take depositions. Although certain material facts may not be in dispute, a full record will provide context for those facts. *See, e.g.*, *Cox v. City of Portland*, 2022 WL 16552077, at *5 (D. Or. Oct. 26, 2022) (finding that "the record is not sufficiently developed for the Court to determine as a matter of law that Plaintiff's claims for battery and negligence arose out of a 'riot, civil commotion or mob action' or 'out of any act or omission in connection with the prevention of' a riot, civil commotion, or mob action" at the motion to dismiss stage (quoting ORS § 30.265(6)(e)).

conclusion that even under the City's interpretation of ORS § 30.265(6)(e), fact issues remain relating to subject matter jurisdiction. The Court denies the City's request for certification.

## CONCLUSION

The Court ADOPTS the Findings and Recommendation, ECF 84. The Court DENIES the City of Portland's Motion to Dismiss, ECF 16.

**IT IS SO ORDERED.**

DATED this 28th day of June, 2023.

/s/ <i>Michael H. Simon</i><br>
Michael H. Simon<br>
United States District Judge