**Karen O'Kasey,** OSB No. 870696
E-mail: kok@hartwagner.com
**Carey Caldwell,** OSB No. 093032
E-mail: cpc@hartwagner.com
**HART WAGNER LLP**
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

<u>Of Attorneys for Defendant, ERIK KAMMERER</u>

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MEGHAN OPBROEK, an individual,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY OF PORTLAND, a municipal corporation, ZACHARY DOMKA in his individual capacity, BRENT TAYLOR in his individual capacity, MARK DUARTE in his individual capacity, and ERIK KAMMERER in his individual capacity;<br><br>        Defendants. | No. 3:22-cv-00610-JR<br><br>**DEFENDANT ERIK KAMMERER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>***Jury Trial Demanded*** |

        In answer to Plaintiff's First Amended Complaint, Defendant Kammerer ("Defendant") admits, denies, and alleges as follows:

        Plaintiff's introductory remarks are improper and contain characterizations and legal conclusions to which a response is not required. To the extent a response is required, Defendant denies all characterizations of Defendant Kammerer, his motivations, and actions.

/ / /

/ / /

Page 1 - **DEFENDANT ERIK KAMMERER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

## PARTIES

1. Defendant admits he is employed as a detective by the Portland Police Bureau (PPB) and that the Portland Police serve as law enforcement for the City of Portland.

## FACTUAL ALLEGATIONS

2. Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 6 of Plaintiff's First Amended Complaint regarding her history, awareness, and beliefs, and therefore denies the same.

3. Defendant admits that on May 25, 2020, police officers caused the death of George Floyd and that protests, demonstrations, civil disturbances, and riots then ensued across the country, including for more than 100 days in Portland, Oregon.

4. Defendant admits the protests in Portland took place at various locations around the City.

5. Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraphs 10 through 13 of Plaintiff's First Amended Complaint regarding Plaintiff's attendance, motivations, or observations of protests and therefore denies the same.

6. Defendant admits that on the evening of June 25, 2020, into the morning of June 26, 2020, after the declaration of an unlawful assembly, the announcement of multiple dispersal orders and use of force warnings, PPB and other law enforcement officers moved north on Martin Luther King to disperse protestors who had refused to heed the lawful dispersal orders. Defendant further admits that some officers used distraction devices during that move.

7. Defendant admits that declarations of unlawful assembly, dispersal orders, and use of force warnings continued after officers stopped moving. Defendant further admits that some protestors continued to refuse to heed the lawful dispersal orders. Defendant otherwise lacks sufficient information or knowledge to admit or deny the allegations in Paragraphs 14 through 17 of Plaintiff's First Amended Complaint regarding Plaintiff's encounter with PPB officers, statements to the PPB, or Plaintiff's specific actions, and therefore denies the same.

Page 2 - **DEFENDANT ERIK KAMMERER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

**HART WAGNER LLP**
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

8. Defendant denies he fired any type of weapon whatsoever as alleged in Paragraph 17 of Plaintiff's First Amended Complaint.

9 Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 18 of Plaintiff's First Amended Complaint regarding the nature and extent of her alleged injuries and therefore denies the same.

10. Paragraph 19 contains legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the conclusions therein.

11. Defendant admits that he was a squad leader on the night in question and that he was given the directive to have his squad disperse protestors not complying with the lawful dispersal orders. Defendant otherwise denies every other allegations in Paragraph 20 of Plaintiff's First Amended Complaint, including any legal conclusions made therein.

12. Defendant admits that he was assigned a bag number of 67 and has been subject to complaints. Defendant otherwise denies every allegation in Paragraph 21.

13. Paragraph 22 of Plaintiff's Complaint are not directed at Defendant Kammerer. Those Paragraphs also contain legal conclusions to which a response is not required. To the extent a response is Required, Defendant Kammerer denies those allegations.

14. Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraphs 23 through 27 of Plaintiff's First Amended Complaint regarding the treatment, nature, cause, and extent of her alleged injuries and therefore denies the same.

15. Paragraphs 28 through 33 of Plaintiff's Complaint are not directed at Defendant Kammerer. Those Paragraphs also contain legal conclusions to which a response is not required. To the extent a response is required, Defendant denies those allegations.

16. Paragraphs 34 through 44 contain legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations in those Paragraphs. Defendant further denies any characterization or motivation attributed to him in those Paragraphs. Defendant is without sufficient information or knowledge to admit or deny the

Page 3 - **DEFENDANT ERIK KAMMERER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

**HART WAGNER LLP**
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

nature, cause, extent of any alleged injury and therefore denies the same. Defendant specifically denies he caused Plaintiff any injury in any manner, alleged or not.

17. Paragraphs 45 and 47 of Plaintiff's First Amended Complaint are not directed at Defendant Kammerer. Those Paragraphs also contain legal conclusions to which a response is not required. To the extent a response is required, Defendant denies those allegations.

18. Paragraphs 48 through 53 contain legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations in those Paragraphs. Defendant further denies any characterization or motivation attributed to him in those Paragraphs. Defendant is without sufficient information or knowledge to admit or deny the nature, cause, extent of any alleged injury and therefore denies the same. Defendant specifically denies he caused Plaintiff any injury in any manner, alleged or not.

19. Paragraphs 54 through 73 of Plaintiff's First Amended Complaint are not directed at Defendant Kammerer. Those Paragraphs also contain legal conclusions to which a response is not required. To the extent a response is required, Defendant denies those allegations.

20. Defendant denies Plaintiff is entitled to attorney's fees or costs.

21. Except as specifically admitted herein in paragraphs 1 through 20 above, Defendant denies each and every remaining allegation of Plaintiff's Complaint and the whole thereof.

### FIRST DEFENSE

(Failure to State a Claim)

22. Plaintiff fails to state a claim for relief under federal or state law. Further, because Plaintiff was never seized or intended to be seized, Plaintiff has no claim for any violation of the Fourth Amendment. *Torres v. Madrid*, ___U.S. ___, 141 S.Ct. 989 (2021).

### SECOND DEFENSE

(Qualified Immunity)

23. Defendant Kammerer is entitled to qualified immunity.

Page 4 - DEFENDANT ERIK KAMMERER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

### THIRD DEFENSE

### (Failure to Mitigate)

24. Plaintiff failed to mitigate her damages, if any.

### FOURTH DEFENSE

### (Oregon Tort Claims Act)

25. Plaintiff's state law claims are subject to the privileges and immunities set forth in the Oregon Tort Claims Act, ORS 30.260 *et seq*. Plaintiff's damages are limited by the cap on damages set forth in the Oregon Tort Claims Act as to all state law claims.

### FIFTH DEFENSE

### (Additional Defenses)

26. Defendant reserves the right to raise additional defenses that may become apparent during the course of discovery.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Defendant prays for judgment in his favor, including an award of costs, disbursements, and fees pursuant to 42 U.S.C. § 1988.

Respectfully submitted this 10th day of July, 2023.

HART WAGNER LLP

By: _____
Karen O'Kasey, OSB No. 870696
Carey Caldwell, OSB No. 093032
Of Attorneys for Defendant, Erik Kammerer

Defendant requests trial by jury on those issues properly submitted to a jury.

_____
Karen O'Kasey OSB No. 870696
kok@hartwagner.com
Carey Caldwell, OSB No. 093032
cpc@hartwagner.com
Of Attorneys for Defendant Erik Kammerer

Page 5 - DEFENDANT ERIK KAMMERER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301