WILLIAM W. MANLOVE, OSB #891607
Senior Deputy City Attorney
william.manlove@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendant City of Portland*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **MEGHAN OPBROEK**, an individual, | Case No.: 3:22-cv-00610-JR |
| **PLAINTIFF,** | |
| v. | **DEFENDANT CITY OF PORTLAND'S ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| **CITY OF PORTLAND,** a municipal corporation, **ZACHARY DOMKA** in his individual capacity, **BRENT TAYLOR** in his individual capacity, **MARK DUARTE** in his individual capacity, and **ERIK KAMMERER** in his individual capacity; | |
| **DEFENDANTS.** | |

For its answer to Plaintiff's First Amended Complaint ("Complaint"), Defendant City of Portland ("Defendant City" or "City") responds to Plaintiff's allegations in correspondingly numbered paragraphs as follows:

### INTRODUCTION

1.

Defendant City admits that beginning on June 25, 2020 and continuing until the early morning hours of June 26, 2020, a civil disturbance occurred at and around the area of the City's

Page  1  –   DEFENDANT CITY OF PORTLAND'S ANSWER AND DEFENSES TO
              PLAINTIFF'S FIRST AMENDED COMPLAINT

Portland Police Bureau's ("PPB") North Precinct at 449 NE Emerson Street in Portland, Oregon. Defendant City further admits that Plaintiff was present at that civil disturbance and used her cell phone to memorialize some of her participation in that civil disturbance. Otherwise, Defendant City denies the allegations in paragraph 1.

## PARTIES

2.

Defendant City lacks knowledge or information sufficient at this time to admit or deny the allegation regarding Plaintiff's residency, and therefore, denies those allegations.

3.

Defendant City admits it is a public body organized under the laws of the State of Oregon and the City's Home Rule Charter, and admits that the City is a person subject to suit under 42 U.S.C. § 1983, and the Oregon Tort Claims Act, ORS 30.265 *et seq*. Defendant City admits that PPB is a bureau within the City, and admits that PPB, pursuant to City Code, is responsible for the enforcement of law and order. Defendant City admits at the time of the civil disturbance on June 25-26, 2020, it employed defendants Domka, Taylor, Duarte and Kammerer. Defendant City lacks knowledge or information sufficient at this time to admit or deny the allegation in the fifth sentence of paragraph 3, and therefore denies those allegations. The sixth sentence of paragraph 3 is a legal conclusion or argument that does not require a response from Defendant City. Otherwise, City denies the allegations contained in paragraph 3.

4.

Defendant City admits the allegations in paragraph 4.

## TORT CLAIM NOTICE

5.

Defendant City admits it received timely tort claim notice from Plaintiff. Otherwise, City lacks knowledge or information sufficient at this time to admit or deny the allegation that "all necessary parties" received timely tort claim notice, and therefore denies that allegation.

Page  2 –   DEFENDANT CITY OF PORTLAND'S ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Moreover, that allegation is a legal conclusion or argument that does not require a response from City.

## FACTUAL ALLEGATIONS

6.

Defendant City lacks knowledge or information sufficient at this time to admit or deny the allegations in paragraph 6, and therefore denies those allegations.

7.

Defendant City admits that on May 25, 2020, Minneapolis police officers caused the death of George Floyd, an African-American man, when Minneapolis police officer Derek Chauvin kneeled on George Floyd's neck while Mr. Floyd was in custody. City admits that a bystander or bystanders filmed Officer Chauvin's use of force, detention and arrest of Mr. Floyd, and that bystander video sparked outrage and disgust, which manifested in a range of individual and group behaviors across the United States and in Portland: peaceful protests, demonstrations, and civil disturbances, including rioting, looting, and the destruction of property. Otherwise, City lacks knowledge or information sufficient at this time to admit or deny the allegations in paragraph 7, and therefore denies those allegations.

8.

Defendant City admits that a combination of peaceful protests, demonstrations, and civil disturbances, including rioting, looting and property damage, occurred in Portland since the police killing and murder of George Floyd in Minneapolis on May 25, 2020, and those protests, demonstrations, civil disturbances and riots occurred continuously into the fall of 2020. Otherwise, City lacks knowledge or information sufficient at this time to admit or deny the allegations in paragraph 8, and therefore denies those allegations.

9.

Defendant City admits that a combination of peaceful protests, demonstrations, and civil disturbances, including rioting, looting and property damage, occurred during the summer of

2020 around the Multnomah County Detention Center ("MCDC") and around PPB's North Precinct, as well as around other governmental buildings and facilities in Portland. City admits MCDC is the location of PPB's Central Precinct and the location of one of Multnomah County's jails. Otherwise, City denies the allegations in paragraph 9.

10-12.

Defendant City admits that Plaintiff was present during the civil disturbance that occurred at PPB's North Precinct on June 25-26, 2020. Otherwise, City lacks knowledge or information sufficient at this time to admit or deny the allegations in paragraphs 10-12, and therefore denies those allegations.

13.

Defendant City admits that beginning at around 10:00 p.m., on June 25, 2020, hundreds of protestors had gathered at the City's North Precinct, had started erecting a fence along the south side of the precinct along NE Emerson, had blocked north bound vehicular traffic along Martin Luther King Blvd., and some protestors had thrown projectiles, including glass bottles, at the City's police officers. By 11:00 p.m., protestors had begun moving dumpsters to erect barriers around the precinct and had used the dumpsters as battering rams against the doors of the precinct to attempt to breach the City's North Precinct building. When the protestors failed to breach the building, some protestors were using drills to fasten lumber across the doors, barricading police officers and other persons inside the North Precinct building. Some protestors had erected a fortified barricade on NE Emerson Street. The crowd of protestors was tightly packed behind the barricade, greatly outnumbered the police, and were wearing helmets, goggles, padding and carrying shields. A number of persons began shining green laser pointers at the City's police officers, and some in the crowd yelled that they would burn down the City's North Precinct building.

PPB made multiple Unlawful Assembly announcements, ordering the crowd to disperse away from the precinct building and warning that riot control agents or impact munitions might

be used. When the crowd refused to disperse as ordered, PPB officers physically pushed members of the crowd west on NE Emerson and then north on MLK Blvd. PPB officers deployed Rubber Ball Distraction Devices ("RBDDs") and less lethal impact munitions to effectuate the dispersal. Otherwise, City denies the allegations in paragraph 13.

14.

Defendant City lacks knowledge or information sufficient at this time to admit or deny the allegations in paragraph 14, and therefore denies those allegations.

15.

Defendant City admits that as its police officers moved the crowd of protestors north on MLK Blvd. away from North Precinct, members of the crowd threw objects at the police, erected barricades in the street, lit a large fire in the middle of the street, and physically fought with the City's police officers. City admits PPB made multiple Unlawfully Assembly announcements, ordering the crowd to disperse, and warning that riot control agents or impact munitions might be used. City admits that Plaintiff refused to obey the dispersal orders. Otherwise, City lacks knowledge or information sufficient at this time to admit or deny the remainder of the allegations in paragraph 15, and therefore denies those allegations.

16-18.

Defendant City admits that one of its offices deployed either a smoke or CS gas canister while moving the protestors north on MLK Blvd., away from North Precinct. City denies any of its officers fired any RBDD at any person in the crowd. City denies any of its officers used any Aerial Distraction Device. City admits that during the dispersal an object exploded at Plaintiff's feet. Otherwise, City denies the allegations on paragraphs 16 through 18.

19.

Defendant City denies the allegations in paragraph 19.

///

///

Page 5 –   DEFENDANT CITY OF PORTLAND'S ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

20-21.

To the extent the allegations in paragraphs 20 and 21 are directed at Defendant City, City admits that protestors have made complaints about defendant Kammerer arising from their interactions with Detective Kammerer during 2020 protests. Otherwise, Defendant City denies the allegations in paragraphs 20 and 21.

22.

Defendant City denies the allegations in paragraph 22.

23.

Defendant City admits that another person from the crowd assisted Plaintiff after the object exploded at Plaintiff's feet. Otherwise, City denies the allegations in paragraph 23.

24-26.

Defendant City admits that Plaintiff went to the Emergency Department at Legacy Emanuel Hospital in the early morning of June 26, 2020. Defendant City further admits that Plaintiff received subsequent medical care. Otherwise, City lacks knowledge or information sufficient at this time to admit or deny the allegations in paragraphs 24 through 26, and therefore denies those allegations.

27.

Defendant City lacks knowledge or information sufficient at this time to admit or deny the nature or extent of Plaintiff's alleged injuries or damages, and therefore denies those allegations. Regardless, City denies it is legally responsible for any of Plaintiff's alleged injuries or claimed damages.

## FIRST CLAIM FOR RELIEF
(Fourth Amendment Violation – Excessive Force – 42 USC § 1983)

**Count 1: Individual Liability Against Defendants Domka, Taylor, and Duarte**

28-33.

The allegations in paragraphs 28 through 33 are not directed at Defendant City. Regardless, Defendant City denies any of its police officers used unreasonable or unnecessary force in dispersing the crowd away from the City's North Precinct on June 25-26, 2020.

### Count 2: Individual Supervisory Liability Against Individual Defendant Kammerer

34-44.

The allegations in paragraphs 34 through 44 are not directed at Defendant City. Regardless, Defendant City denies any of its police officers used unreasonable or unnecessary force in dispersing the crowd away from the City's North Precinct on June 25-26, 2020.

### Count 3: Municipal Liability Against Defendant City of Portland – Unlawful Practice or Policy Allowing Use of Force as a Crowd Dispersal Tactic

45-46.

Defendant City denies the allegations in paragraphs 45 and 46.

### Count 4: Municipal Liability Against Defendant City of Portland – Action of Policymaking Officials

47.

Defendant City denies the allegations in paragraph 47.

## SECOND CLAIM FOR RELIEF
(First Amendment Violation – Retaliation Against Speech – 42 USC § 1983)

### Count 1: Individual Liability Against All Individual Defendants

48-53.

The allegations in paragraphs 48 through 53 are not directed at Defendant City. Regardless, Defendant City denies any of its police officers targeted Plaintiff for any protected speech or conduct.

Page 7 –   DEFENDANT CITY OF PORTLAND'S ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

### Count 2: Municipal Liability Against Defendant City of Portland –
### Unlawful Policy or Practice

54.

Defendant City incorporates its responses contained in its Answer and Defenses in paragraphs 1 through 53 above.

55-57.

Defendant City denies the allegations in paragraphs 55 through 57.

### THIRD CLAIM FOR RELIEF
### (Battery – State Tort – Against Defendant City of Portland)

58.

Defendant City incorporates its responses contained in its Answer and Defenses in paragraphs 1 through 57 above.

59.

Defendant City denies the allegations in paragraph 59.

60.

Defendant City lacks knowledge or information sufficient at this time to admit or deny the nature or extent of Plaintiff's alleged injuries or damages, and therefore denies those allegations. Regardless, City denies it is legally responsible for any of Plaintiff's alleged injuries or claimed damages.

### FOURTH CLAIM FOR RELIEF
### (Assault – State Tort – Against Defendant City of Portland)

61.

Defendant City incorporates its responses contained in its Answer and Defenses in paragraphs 1 through 60 above.

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVE., RM. 430
PORTLAND, OREGON 97204
(503) 823-4047

62.

Defendant City denies the allegations in paragraph 62.

63.

Defendant City lacks knowledge or information sufficient at this time to admit or deny the nature or extent of Plaintiff's alleged injuries or damages, and therefore denies those allegations. Regardless, City denies it is legally responsible for any of Plaintiff's alleged injuries or claimed damages.

64.

Defendant City denies the allegation in paragraph 64.

## FIFTH CLAIM FOR RELIEF
### (Negligence – State Tort – Against Defendant City of Portland)

65.

Defendant City incorporates its responses contained in its Answer and Defenses in paragraphs 1 through 64 above.

66-71.

Defendant City denies the allegations in paragraphs 66 through 71.

72.

Defendant City lacks knowledge or information sufficient at this time to admit or deny the nature of extent of Plaintiff's alleged injuries or damages, and therefore denies those allegations. Regardless, City denies it is legally responsible for any of Plaintiff's alleged injuries or claimed damages.

73.

Defendant City denies the allegation in paragraph 73.

74.

Unless specifically admitted to above, defendant City denies each and every remaining

Page 9 –   DEFENDANT CITY OF PORTLAND'S ANSWER AND DEFENSES TO
              PLAINTIFF'S FIRST AMENDED COMPLAINT

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVE., RM. 430
PORTLAND, OREGON 97204
(503) 823-4047

allegation in Plaintiff's First Amended Complaint, because those allegations are false and not true, those allegations are not directed at defendant City, or City lacks knowledge or information sufficient at this time to admit or deny those allegations.

## DEFENDANT CITY'S DEFENSES

### FIRST DEFENSE
### (Failure to State a Claim)

75.

Plaintiff has failed to state a claim upon which relief can be granted. In particular, because Plaintiff was never seized or intended to be seized, Plaintiff has no claim for any violation of the Fourth Amendment. *Torres v. Madrid*, ___ U.S. ___, 141 S.Ct. 989 (2021).

### SECOND DEFENSE
### (Riot, Civil Commotion, Mob Action Immunity – ORS 30.265(6)(3))).

76.

Plaintiff's state law claims for battery, assault and negligence arises out of riot, civil commotion or mob action or out of an act or omission in connection with the prevention of the foregoing and accordingly, pursuant to ORS 30.265(6)(e), Defendant City is immune from liability for any state law tort claim.

### THIRD DEFENSE
### (Justification/Privilege)

77.

The actions by Defendant City's police officers were lawful, justified and privileged as those actions were necessary to carry out that officer's duties as a police officer for the City of Portland and as a law enforcement officer in the State of Oregon, consistent with ORS 161.190 *et seq.*, and Oregon common law.

Page 10 – DEFENDANT CITY OF PORTLAND'S ANSWER AND DEFENSES TO
         PLAINTIFF'S FIRST AMENDED COMPLAINT

## FOURTH DEFENSE
### (Lack of Intent to Cause Injury)

78.

Because none of the City's police officers intended to cause injury to Plaintiff, Plaintiff has no claim for assault or battery. *Evans v. Multnomah County*, No. 3:07-CV-01532-BR, 2013 WL 1700940 (D. Or. April 17, 2013).

## FIFTH DEFENSE
### (Comparative Negligence -ORS 31.600)

79.

To the extent Plaintiff's negligence claim is based on the conduct of the City's police officers during the civil disturbance at the City's North Precinct on June 25-26, 2020, Plaintiff's injuries, if any, are due her own negligent, reckless or criminal conduct, including:

a. Failing to obey the lawful commands of uniformed police officers;

b. Failing to immediately leave the area around the City's North Precinct when ordered to do so by the City's police officers;

c. Failing to immediately disperse and separate from the larger crowd of protestors in and around the City's North Precinct;

d. Failing to heed the force warnings given to her multiple times by the City's police officers;

e. Participating in a civil disturbance that a reasonable person would have known was threatening the lives and safety of other persons inside the North Precinct building;

f. Participating in a civil disturbance that a reasonable person would have known was threatening the safety of other persons outside the North Precinct building, including police officers and citizens; and

g. Participating in a civil disturbance that a reasonable person would have known was causing damage and destruction of property belonging to other persons.

## SIXTH DEFENSE
### (Reasonable force-no negligence)

80.

Because any physical force or control was reasonable and necessary, Plaintiff has no claim for negligence.

## SEVENTH DEFENSE
### (Oregon Tort Claims Act, ORS 30.265 et seq.)

81.

Plaintiff's claims are subject to all the privileges, immunities and limitations contained in the Oregon Tort Claims Act, ("OTCA"), ORS 30.265 *et seq*., including but not limited to the limitation on damages set forth at ORS 30.272(2).

## EIGHTH DEFENSE
### (Failure to Mitigate)

82.

Plaintiff failed to mitigate her damages, if any.

## NINTH DEFENSE
### (No Duplicative Damages)

83.

Plaintiff is not entitled to recover duplicative damages on her legal claims.

## TENTH DEFENSE
### (Right to Amend)

84.

Defendant City reserves the right to amend its Answer and Defenses through and after discovery.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Defendant City asks for the following relief:

A. That judgment be entered in favor of Defendant City and against Plaintiff;

B. That Defendant City be awarded reasonable costs incurred herein; and

C. That Defendant City be awarded such other relief as the Court deems just and equitable.

Dated: July 12, 2023.

Respectfully submitted,

*/s/ William W. Manlove*
WILLIAM W. MANLOVE, OSB # 891607
Senior Deputy City Attorney
william.manlove@portlandoregon.gov
*Of Attorneys for Defendant City of Portland*