Aaron P. Hisel, OSB #161265
*aaron@capitol.legal*
Elizabeth A. Jones, OSB #201184
*beth@capitol.legal*
Capitol Legal Services
901 Capitol St. NE
Salem, OR 97301
   Telephone: (503) 480-7250
   Fax: (503) 779-2716
    Attorneys for Defendant Brent Taylor

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| MEGHAN OPBROEK, an individual,<br><br>              Plaintiff,<br><br>  v.<br><br>CITY OF PORTLAND, a municipal corporation; ZACHARY DOMKA, in his individual capacity; BRENT TAYLOR, in his individual capacity; MARK DUARTE, in his individual capacity; ERIK KAMMERER, in his individual capacity,<br><br>             Defendants. | Case No. 3:22-cv-00610-JR<br><br>**BRENT TAYLOR'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**(Request for Jury Trial)** |

      For his Answer to plaintiff's First Amended Complaint, Defendant Brent Taylor hereby admits, denies and alleges as follows:

1.

      In response to paragraph 1, this "INTRODUCTION" contains Plaintiff's legal theories, legal conclusions and characterizations that do not require a response. To the extent a response is required to any of the allegations contained in this paragraph, admit a group gathered to, among

Page 1 –  **BRENT TAYLOR'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

other things, barricade doors, set fires, and otherwise create a civil disturbance at and near the Portland Police Bureau's ("PPB") North Precinct on June 25, 2020, and into the morning of June 26, 2020. Except as so admitted, the remaining allegations are denied.

2.

In response to paragraph 2, Defendant Taylor is without sufficient knowledge or information to admit or deny the Plaintiff's place of residence, and on this basis, denies this allegation.

3.

In response to paragraph 3, admit that the City of Portland is a municipal corporation with all the rights, duties and responsibilities related thereto; that at all times relevant Brent Taylor was a Portland Police Bureau Police Officer. The remaining allegations are Plaintiff's legal conclusions and legal theories that do not require a response. Except as so admitted, deny.

4.

In response to paragraph 4, admit Defendants Brent Taylor, Zachary Domka, Mark Duarte, and Erik Kammerer were PPB officers on June 25 and June 26, 2020. The remaining allegations are Plaintiff's legal conclusions and legal theories that do not require a response. Except as so admitted, deny.

5.

In response to paragraph 5, Brent Taylor does not have sufficient information to admit or deny whether Plaintiff timely complied with ORS 30.275 or provided timely notice to all necessary parties, and on that basis, denies.

6.

In response to paragraph 6, Defendant Taylor is without sufficient knowledge or information to admit or deny the allegations, and on that basis, denies.

7.

In response to paragraphs 7, 8, 9, and 10, these are Plaintiff's descriptions of events prior to June 25, 2020, unrelated to any claim or defense in this case other than to explain the background for protests in Portland, Oregon. Defendant Taylor admits the death of George Floyd occurred prior to and was widely known to be a catalyst for widespread demonstrations and civil disturbances including in Portland. Defendant Taylor lacks sufficient knowledge or information as to the truth of the remaining allegations, including but not limited to, Plaintiff's motives in attending any demonstrations and on this basis, denies the remaining allegations.

8.

In response to paragraphs 11, 12, 13, and 14, Defendant Taylor is without sufficient knowledge or information to admit or deny the allegations, and on this basis, denies.

9.

In response to paragraph 15, admit officers lined up near the North Precinct, that an unlawful assembly was announced numerous times, that many protesters refused to comply with lawful orders to disperse, and that protesters were yelling profanities at officers. Otherwise, deny.

10.

In response to paragraph 16, admit crowd control devices were deployed to disperse the crowd. Otherwise, Defendant Taylor is without sufficient knowledge or information to admit or deny the allegations, and on this basis, denies.

11.

In response to paragraph 17, deny Brent Taylor deployed anything at Plaintiff or that struck Plaintiff. Otherwise, Defendant Taylor is without sufficient knowledge or information to admit or deny the allegations, and on this basis, denies.

12.

In response to paragraph 18, 19, 20, 21, 22, 23, 24, 25, 26, and 27, Defendant Taylor is without sufficient knowledge or information to admit or deny the allegations and/or the allegations are directed at other defendant(s), and on these basis, deny.

13.

In response to paragraph 28, admit and deny as alleged above in response to paragraphs 1 through 27.

14.

In response to paragraph 29, 30, and 31, these are Plaintiff's legal theories and legal conclusions to which no response is required.

15.

In response to paragraph 32, deny Defendant Taylor's conduct caused Plaintiff bodily harm and emotional distress. Otherwise, Defendant Taylor is without sufficient knowledge or information to admit or deny the allegations, and on this basis, denies.

16.

In response to paragraph 33, this is Plaintiff's legal theory and legal conclusion to which no response is required.

17.

In response to paragraph 34, admit and deny as alleged above in response to paragraphs 1 through 33.

18.

In response to paragraphs 35, 36, 37, 38, 39, 40, 41, 42, 43, and 44, no response is required to Plaintiff's legal conclusions or allegations directed at co-defendant Kammerer. Otherwise, Defendant Taylor is without sufficient knowledge or information to admit or deny the allegations, and on this basis, denies.

19.

In response to paragraphs 45 and 46, admit that on June 25, 2020, an unlawful assembly was announced numerous times, many protesters refused to comply with lawful orders to disperse, and less lethal munitions were deployed that evening. To the extent Plaintiff alleges legal conclusions, no response is required. Otherwise, deny.

20.

In response to paragraph 47, Defendant Taylor is without sufficient knowledge or information to admit or deny the allegations, and on this basis, denies.

21.

In response to paragraph 48, admit and deny as alleged above in response to paragraphs 1 through 47.

22.

In response to paragraphs 49, 50, 51, 52, and 53, these are Plaintiff's legal conclusions and legal theories to which no response is required.

23.

In response to paragraph 54, admit and deny as alleged above in response to paragraphs 1 through 53.

24.

In response to paragraphs 55, 56, and 57, deny.

25.

In response to paragraph 58, admit and deny as alleged above in response to paragraphs 1 through 57.

26.

In response to paragraphs 59 and 60, deny.

27.

In response to paragraph 61, admit and deny as alleged above in response to paragraphs 1 through 60.

28.

In response to paragraphs 62, 63, and 64, these are legal conclusions to which no response is required. Otherwise, deny.

29.

In response to paragraph 65, admit and deny as alleged above in response to paragraphs 1 through 64.

30.

In response to paragraphs 66, 67, 68, 69, 70, 71, 72, and 73, these are legal conclusions to which no response is required. Otherwise, deny.

31.

**FOR A FIRST AFFIRMATIVE DEFENSE**, Defendant Taylor alleges:

(Qualified Immunity)

Defendant Taylor is entitled to qualified immunity from all claims against him in that he did not injure Plaintiff and, even if he did, his conduct did not violate any clearly established right of Plaintiff under the circumstances.

32.

**FOR A SECOND AFFIRMATIVE DEFENSE**, Defendant Taylor alleges:

(Failure to Mitigate)

Upon information and belief, Plaintiff failed to mitigate her damages, if any.

33.

**FOR A THIRD AFFIRMATIVE DEFENSE**, Defendant Taylor alleges:

(Failure to State a Claim)

Plaintiff fails to state a claim for relief against Brent Taylor as she was never seized or intended to be seized by him and Plaintiff's continued participation in the unlawful assembly and riotous conduct that was occurring was not protected speech.

**WHEREFORE**, having fully responded to plaintiff's First Amended Complaint, Defendant Brent Taylor requests judgment in his favor and against plaintiff with an award of costs and attorney fees as the prevailing parties under 42 U.S.C. § 1988.

DATED this 12th day of July, 2023.

                                                   s/ Aaron P. Hisel
                                             Aaron P. Hisel, OSB #161265
                                             Elizabeth A. Jones, OSB #201184
                                             Of Attorneys for Defendant Brent Taylor

Page 7 – **BRENT TAYLOR'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing BRENT TAYLOR'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT on:

Jessica Ashlee Albies
Maya Rinta
Albies & Stark, LLC
1 SW Columbia Street, Suite 1850
Portland, OR 97204
 Attorneys for Plaintiff

Viktoria Lo
Levi Merrithew Horst PC
610 SW Alder St. Suite 415
Portland, OR 97205
 Attorney for Plaintiff

William Manlove
City of Portland Attorney's Office
1221 SW Fourth Avenue Suite 430
Portland, OR 97204
 Attorney for Defendant City of Portland

Daniel Thenell
Chelsea Pyasetskyy
Thenell Law Group, LLC
12909 SW 68th Parkway Suite 290
Portland, OR 97223
 Attorneys for Defendant Zachary Domka

Carey Caldwell
Karen O'Kasey
Hart Wagner, LLP
1000 SW Broadway Suite 2000
Portland, OR 97205
 Attorneys for Defendant Erik Kammerer

Andrea Coit
Jonathan Hood
Hutchinson Cox
940 Willamette Street, Suite 400
PO Box 10886
Eugene, OR 97440
 Attorneys for Defendant Mark Duarte

by the following indicated method or methods:

☒   by **electronic means through the Court's Case Management/Electronic Case File system** on the date set forth below;

  by **emailing** a copy thereof to each attorney at each attorney's last-known email address on the date set forth below;

  by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to plaintiff's last-known address listed above and depositing it in the U.S. mail at Salem, Oregon on the date set forth below.

DATED this 12th day of July, 2023.

              s/ Aaron P. Hisel
              Aaron P. Hisel, OSB #161265
              Of Attorneys for Defendant Brent Taylor