**J. Ashlee Albies,** OSB No. 051846
Email: ashlee@albiesstark.com
**Maya Rinta**, OSB No. 195058
Email: maya@albiesstark.com
Albies & Stark LLC
1500 SW First Ave., Suite 1000
Portland, Oregon 97201
Telephone: (503) 308-4770

**Viktoria Lo,** OSB No. 175487
Email: vika@vlo-law.com
Viktoria Lo, Attorney at Law LLC
PO Box 86449
Telephone: (971) 245-2085

**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **MEGHAN OPBROEK**, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>**CITY OF PORTLAND**, a municipal corporation,<br>**ZACHARY DOMKA** in his individual capacity,<br>**BRENT TAYLOR** in his individual capacity,<br>**MARK DUARTE** in his individual capacity, and<br>**ERIK KAMMERER** in his individual capacity;<br><br>        Defendants. | Case No. 3:22-cv-00610-JR<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF PORTLAND'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER ON FED. R. CIV. P. 30(b)(6) DEPOSITIONS** |

United States Magistrate Judge Jolie A. Russo issued an Order on a discovery issue in this case on October 2, 2024. ECF 117. Specifically, Judge Russo ordered the City of Portland to designate a witness regarding topic matters 15 and 16 in Plaintiff's Fed. R. Civ. P. 30(b)6) notice, as narrowed. Defendant City of Portland objects to Judge Russo's order and contends

PAGE - 1   PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF PORTLAND'S OBJECTIONS TO MAGISTRATE
        JUDGE'S ORDER ON FED. R. CIV. P. 30(b)(6) DEPOSITIONS

**ALBIES & STARK**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE. SUITE 1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292

that it should not have to designate a witness for matter 16. This Court should uphold Judge

Russo's order, which was not clearly erroneous or contrary to law.

## I.    Facts & Procedural Background

Plaintiff brings *Monell* claims of an unlawful practice or policy of using indiscriminate

force against a crowd, specifically flashbang grenades or what the City calls "Rubber Ball

Distraction Devices" or RBDDs. ECF 5, FAC ¶¶ 45, 46, 47. On June 22, 2024, Plaintiff gave the

City notice that she intends to amend the complaint to clarify the *Monell* theories based on

unconstitutional training on RBDDs and a failure to discipline repeated violations of the use of

force policy. Rinta Decl., ¶ 2.

On July 2, 2024, Plaintiff served a notice of organizational deposition to City of Portland

pursuant to Fed. R. Civ. P. 30(b)(6). Rinta Decl., ¶ 3, Ex. 1, Ex. 2 (attachment to deposition

notice – Independent Monitor report), Ex. 3 (attachment to deposition notice – COCL report).

Plaintiff has since amended the notice to update the notice with information about the designees

and deposition dates, with no substantive changes. On August 12, 2024, Defendant City

refused to designate a witness for two noticed matters 15 and 16:

> **MATTER 15**:   The City's response to Independent Monitor Report LLC's "The Handling
> of the 2020 Protests and Riots in Portland, Oregon: An Independent Review" (attached
> as Exhibit A, hereto referred to as "the Independent Monitor Report"), in particular:
>     a. Whether the City disputes any facts, opinions, analysis, rationale, critiques, or
> problems identified or set forth in the Independent Monitor Report, and the underlying
> rationale and beliefs;
>     b. All action the City has taken in response to the Independent Monitor Report.
>
> **MATTER 16**: The City's response to Compliance Officer and Community Liaison's
> "Quarterly Report: Quarter 4" (attached as Exhibit B, hereto referred to as "the COCL
> Report"), in particular:
>     a. Whether the City disputes any facts, opinions, analysis, rationale, critiques, or
> problems identified or set forth in the COCL Report, and the underlying rationale and
> beliefs;
>         b. All action the City has taken in response to the COCL Report.

Rinta Decl., ¶ 4. Ex. 1. The City objected to both matters 15 and 16 as overly broad and not

proportional to the needs of the case. In response and through conferral, Plaintiff narrowed

PAGE - 2    PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF PORTLAND'S OBJECTIONS TO MAGISTRATE
            JUDGE'S ORDER ON FED. R. CIV. P. 30(b)(6) DEPOSITIONS

matter 15 to certain subsections of the report. Rinta Decl., ¶ 5. Plaintiff also narrowed matter 16

to the following portions of that report, following the table of contents/section headings, to

"Section III: Use of Force," "Section IV: Training," "Section VIII: Officer Accountability", and the

Executive summary corresponding sections. *Id.*   Defendant City maintained their objections and

refused to designate a witness. *Id.*

As a result, Plaintiff requested a discovery hearing with Judge Russo. Rinta Decl., ¶ 6.

Counsel for Plaintiff and Defendant City submitted their objections, argument, and authority to

the court. *Id.* Ex. 4, Ex. 5. The hearing was held with the parties on October 2, 2024. Rinta

Decl., ¶ 7, Ex. 6. After reviewing the parties' submissions and oral argument, Judge Russo then

ordered Defendant City to designate a witness for each of the topic matters 15 and 16,

narrowed as described above. ECF 117.

On October 14, 2024, counsel for Defendant City informed Plaintiff's counsel that the

City would accede and designate a witness for matter 15 and planned to file objections to Judge

Russo's order with regard to matter 16, but would reconsider if Plaintiff dropped Matter 16. Rinta

Decl., ¶ 8., Ex. 7. Plaintiff did not agree to drop matter 16 but offered as a compromise to further

narrow Matter 16 to specific sub-sections within the larger sections on Use of Force, Training,

and Officer Accountability. *Id.* Defendant City did not agree to that narrowing, and instead filed

its objections on October 16, 2024. Rinta Decl., ¶ 9.

## II.    Argument

Rule 72(a) of the Federal Rules of Civil Procedure allows a magistrate judge to "hear

and decide" all referred pretrial matters that are "not dispositive of a party's claim or defense."

Fed. R. Civ. P. 72(a). Judge Russo's order on this discovery issue was not dispositive of any

party's claim or defense. As such, this Court may reject Judge Russo's order only if it is "clearly

erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *adidas Am., Inc.

v. Fashion Nova, Inc.*, 341 F.R.D. 263, 265 (D. Or. 2022).

**ALBIES & STARK**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE. SUITE 1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292

"[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1014 (9th Cir. 1997). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). An order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure. *Adidas Am.,* 341 F.R.D. at 265 (citations omitted).

Defendant City makes no clear argument articulating how or why Judge Russo's order was "clearly erroneous or contrary to law." Instead, the City re-hashes its overbreadth and disproportionality arguments. *See, e.g,* Def's Objs, p. 7 (City characterizing its argument as "focus[ed] on duplication, lack of proportionality, and overbreadth"). Notably, the City's objections were conferred on extensively and presented to the Court prior to the Court's October 2, 2024 order. The City's attempt to have a second bite at the apple because it does not agree with Judge Russo's decision is not an appropriate basis to seek to overturn it.

Judge Russo's order was not clearly erroneous or contrary to the law. The scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" and includes information that need not be admissible in evidence. Fed. R. Civ. P. Rule 26(b)(1). In order to prove a *Monell* claim, plaintiff must "demonstrate that an 'official policy, custom or pattern' on the part of [the defendant] was 'the actionable cause of the claimed injury.'" *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012) (quoting *Harper v. City of Los Angeles*, 533 F.3d 1010, 1022, 1026 (9th Cir. 2008). The Ninth Circuit has held that "a custom or practice can be supported by evidence of repeated constitutional violations which went uninvestigated and for which the errant municipal officers went unpunished." *Hunter v. County of Sacramento*, 652 F.3d 1225, 1236 (9th Cir. 2011). In addition, "inadequacy of police training may serve as the basis for 1983 liability only where the

**ALBIES & STARK**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE. SUITE 1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292

failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

The Ninth Circuit has held that "post-event evidence is not only admissible for purposes of proving the existence of a municipal defendant's policy or custom, but may be highly probative with respect to that inquiry." *Henry v. County of Shasta*, 132 F.3d 512, 518-519 (9th Cir. 1997), *as amended*, 137 F.3d 1372 (9th Cir. 1998), *cert. denied*, 525 U.S. 819 (1998) (citations omitted). The discovery Plaintiff seeks in matter 16 is the City's response to specific sections of the COCL report regarding use of force, training, and officer accountability with regard to the 2020 protests, and any action the City has taken in response to the report. This is squarely within the *Monell* claims and theories at issue in this case.

The discovery at issue is also relevant to Defendant City's defenses, which is also exampled in the City's objections. For example, the City argues that the COCL report "pointing out some perceived deficiencies" and making "suggested improvements" regarding officer training—which includes crowd control training—"do not necessarily speak to the constitutional inadequacy of any prior training." Def's Resp., p. 7. The City's argument highlights the factual issue at stake in this case. Whether or not the City disagreed with "perceived deficiencies" highlighted by the Compliance Officer/Community Liaison, and whether the City took any action in response, such as following the "suggestions," or some other action, is precisely the information sought. *See Henry v. County of Shasta,* 132 F.3d at 519-520 (analyzing an example of post-event evidence and stating, "If a municipal defendant's failure to fire or reprimand officers evidences a policy of deliberate indifference to their misconduct, surely its failure even after being sued to correct a blatantly unconstitutional course of treatment […] is even more persuasive evidence of deliberate indifference or of a policy encouraging such official misconduct."). Plaintiff should be entitled to have the City testify directly on the subject via the 30(b)(6) designee on that matter.

**ALBIES & STARK**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE. SUITE 1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292

Defendant City argues that the COCL report in matter 16 is "duplicative" of matter 15 which is the City's response to the Independent Monitor report. Def's Resp., p. 6. This is not the case: for example, although the Independent Monitor report identifies Portland Police Bureau had inconsistent force reporting and review practices (IM Report, p. 51-52), the "Use of Force" section of the COCL report identifies other specific reporting issues that are not contained in the IM Report; the "Training" section of the COCL report addresses training—specifically, crowd control training—in a way that is not duplicative of the Independent Monitor report, and the Independent Monitor report does not contain any information reflected in "Office Accountability" section of the COCL report. *See* Ex. 2, Ex. 3.

Judge Russo's order requiring the City to designate a witness for this topic was well within the discovery standards and the law. The City makes no explicit argument that the order was contrary to the law. Indeed, the only case law the City mentions is *Dagdagan v. City of Vallejo*, which the City also presented and argued to Judge Russo. 263, F.R.D. 632, 635 (E.D. Cal. 2009), *on reconsideration* (Jan. 29, 2010).]; Ex.5, Ex.7 at 4:20-23. The *Dagdagan* decision is out of the Eastern District of California and non-binding; thus, even if it was applicable to this matter—which Plaintiff disputes—a deviation from that decision would not be clearly erroneous or contrary to the law.

The City has not and cannot identify how Judge Russo's order is clearly erroneous or contrary to law. It has not satisfied its high burden in challenging it, and Judge Russo's order should be upheld.

DATED this 30th day of October 2024

s/ *Maya Rinta*
Maya Rinta, OSB No. 195058
J. Ashlee Albies, OSB No. 051846
Viktoria Lo, OSB No. 175487

*Attorneys for Plaintiff*

PAGE - 6    PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF PORTLAND'S OBJECTIONS TO MAGISTRATE
            JUDGE'S ORDER ON FED. R. CIV. P. 30(b)(6) DEPOSITIONS